**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No: _____ Judge _____

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiffs,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

## <u>NOTICE OF REMOVAL</u>

Please take notice that Defendant, KENNETH ROARK, by and through the undersigned counsel, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, hereby removes the above captioned action from the Fourth Judicial Circuit in and for Duval County, State of Florida, to the United States District Court, Middle District of Florida, on the following grounds:

1.      Defendants, PHOENIX MEDICAL PRODUCTS, INC. ("Phoenix"), a Tennessee corporation, KENNETH ROARK ("Roark") a natural person domiciled in the state of Tennessee, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), an Illinois limited liability company, are named Defendants in the civil action filed by Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS ("Plaintiffs") in the Fourth Judicial Circuit in and for Duval County, Florida, on March 23, 2023. *See Plaintiffs' Complaint attached hereto as Exhibit "A."* The Complaint alleges claims of negligence and breach of contract against Defendants arising out of an automobile accident that occurred in Duval County, Florida on March 5, 2023. The Plaintiffs are both domiciled in Volusia County, Florida.

2.    On or about June 5, 2023, a summons was issued and served on Roark.  *See Affidavit of Service attached hereto as Exhibit "B."* Roark filed his Answer and Affirmative Defenses on August 7, 2023.  *See Answer attached hereto as Exhibit "C."*

3.    Pursuant to 28 U.S.C. § 1446(a) and Rule 10(c), Fed. R. Civ. P., copies of all process, pleadings, and orders served upon the Defendant (to date, the Complaint and summons) are attached as Exhibits A, B, and C and are incorporated by reference herein.

4.    Plaintiff, Bradley Tollas, alleges in the Complaint that he "was a resident of Volusia County, Florida." *Exhibit "A"* at ¶ 2.

5.    Plaintiff, Marie Tollas, alleges in the Complaint that she "was a resident of Volusia County, Florida." *Exhibit "A"* at ¶ 3.

6.    At all times material hereto, Defendant, Phoenix, was and is a corporation registered in Tennessee, with its principal place of business in Mountain City, Tennessee.

*7.*    At all times material hereto, Defendant, Roark, was and is a natural person domiciled in Tennessee.

8.    Additionally, Defendant, State Farm Mutual Automobile Insurance Company, was and is a limited liability company registered in the State of Illinois, with its principal place of business in Bloomington, Illinois.

9.    Plaintiffs allege in their Complaint that "[t]his is an action for damages that exceed the sum of Fifty Thousand ($50,0000) Dollars." *Exhibit "A"* at ¶ 1.

10.    Plaintiffs also filed on March 23, 2023, in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, a Civil Cover Sheet estimating that the claim is between $50,001-$75,000.  *See civil cover sheet attached hereto as Exhibit "D."*

11.    Defendants, Roark and Phoenix, served Requests for Admissions to Plaintiffs regarding the amount of damages that the Plaintiffs are seeking in this matter. Plaintiffs failed to

respond appropriately to the Request for Admissions and are likely seeking to evade removal to Federal Court. *See Plaintiffs' Responses to Request for Admissions attached hereto as Exhibit "E."*

12.    On or around November 30, 2023, Defendants, Roark and Phoenix, received Plaintiffs' responses to Defendants' Request for Production, which included medical bills that greatly exceed the minimum damages threshold of an amount greater than $75,000.00. In fact, the total combined medical bills thus far are in excess of $200,000.00.

13.    As set forth in detail below, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), since the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States.  Defendants therefore provide this Notice of Removal from the Fourth Judicial Circuit in and for Duval County, State of Florida, to the United States District Court, Middle District of Florida.  Concurrent with the filing of this Notice of Removal with this Court, Defendants will provide Notice of Removal to the Plaintiffs, through the attorney of record in the state court action as required by 28 U.S.C. § 1446(d), as well as notice to the Clerk of the State Court in and for the Fourth Judicial Court in and for Duval County, State of Florida. *See State Court Docket Sheet attached hereto as Exhibit "F" and Federal Civil Cover Sheet attached hereto as Exhibit "G."*

## FACTS SUPPORTING BASIS FOR REMOVAL

At the time of the filing of this action, and at all times material, Roark was and is domiciled in the State of Tennessee. Phoenix is a corporation that is registered in the State of Tennessee and with its principal place of business in the State of Tennessee. Additionally, State Farm is a limited liability company registered in the State of Illinois with its principal place of business in Illinois. At the time of the filing of this action, and at all times material, Plaintiffs were and are domiciled in the State of Florida.

Plaintiffs allege in the Complaint that they are residents of Volusia County, Florida. *See Exhibit 1* at ¶ 2-3.

Plaintiffs alleged in the Complaint "[t]his is an action for damages that exceed the sum of Fifty Thousand ($50,0000) Dollars." *See Exhibit A* at ¶ 1. Plaintiffs also filed on March 23, 2023, in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, a Civil Cover Sheet estimating that the claim is between $50,001-$75,000. *See civil cover sheet attached hereto as Exhibit "D."*

However, in response to Defendants' Request for Admissions, Plaintiffs refused to answer whether or not their damages are in excess of $75,000. Plaintiffs also refused to answer whether or not their damages were an amount less than $75,000.

The Plaintiffs allegedly suffered multiple injuries and have claimed the following items of damages: 1) significant and permanent loss of an important bodily function and/or permanent and significant scarring; 2) permanent injury within a reasonable degree of medical probability other than scarring or disfigurement; 3) aggravation or activation of an existing disease or physical defect; 4) pain, suffering, disability, physical impairment, inconvenience, and a loss of capacity for the enjoyment of life; 5) expenses of medical care and treatment in the past and in the future; 6) loss of wages and/or loss of earning capacity in the future; and 7) all losses are continuing and/or permanent. Further, Plaintiffs have provided Defendants with medical bills that total an amount greater than $200,000.00.

## **MEMORANDUM OF LAW**

28 U.S.C. § 1441 Removal of civil actions, states:

> "(a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1). Corporations shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).

In this case, diversity jurisdiction exists pursuant to § 1332(a)(1).  Plaintiffs and Defendants are citizens of different states (Florida, Tennessee, and Illinois, respectively). Further, the amount in controversy will exceed $75,000.

Accordingly, pursuant to 28 U.S.C. § 1441, based on the evidence provided hereto, Defendants timely remove this action to this Court as it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

Respectfully submitted,

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560    Fax: 561-688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

**23-529**/JBV/MSO

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CASE NO: 16-2023-CA-006683
DIVISION: CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

   Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

   Defendants.

_____/

## DEFENDANT, PHOENIX MEDICAL PRODUCTS, INC.'S, CONSENT TO REMOVE CASE TO FEDERAL COURT

  Pursuant to 28 U.S.C. §1441, the undersigned Attorney for Defendant, PHOENIX

MEDICAL PRODUCTS, INC., hereby represents that PHOENIX MEDICAL PRODUCTS, INC.,

consents to removal of this civil action from the Circuit Court of the Fourth Judicial Circuit in and

for Duval County, Florida, Case No: 16-2023-CA-006683, to the United States District Court for

the Middle District of Florida.

_____

ATTORNEY FOR PHOENIX MEDICAL PRODUCTS, INC.

*(Certificate of Service on proceeding page)*

Page **1** of **2**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                    Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl  33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 19th day of December, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

**23-529**/JBV/MSO

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CASE NO: 16-2023-CA-006683
DIVISION: CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

## DEFENDANT, KENNETH ROARK'S, CONSENT TO REMOVE CASE TO FEDERAL COURT

    Pursuant to 28 U.S.C. §1441, the undersigned Attorney for Defendant, KENNETH

ROARK, hereby represents that KENNETH ROARK, consents to removal of this civil action from

the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case No: 16-

2023-CA-006683, to the United States District Court for the Middle District of Florida.

_____
ATTORNEY FOR KENNETH ROARK

*(Certificate of Service on proceeding page)*

Page **1** of **2**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                    Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl   33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 19th day of December, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

# EXHIBIT "A"

# FAX



**To:**    ''
Company:
**Fax:**    **5616882343**
Phone:

**From:**  RVELASQU@travelers.com
Fax:
Phone:
E-mail:

---

## NOTES:

**Travelers Claim D0Y3368 - Please check for conflict in handling**

*This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies*

**Date and time of transmission: Thursday, June 1, 2023 8:39:16 AM**
**Number of pages including this cover sheet: 35**

Filing # 171434393 E-Filed 04/20/2023 01:29:29 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO: 16-2023-CA-006683-XXXX-MA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in the above-styled cause upon the Defendant:

### HOENIX MEDICAL PRODUCTS, INC.
### 535 COLD SPRINGS RD
### MOUNTAIN CITY, TN 37683

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on Karen Wasson, ESQUIRE, Dan Newlin Injury Attorneys, 7335 W. SAND LAKE, SUITE 300,
Orlando, FL. 32819; telephone: (407) 888-8000, within twenty (20) days after service of this
Summons upon you, exclusive of the day of service, and to file the original of said written defenses
with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.
If you fail to do so, a default will be entered against you for the relief demanded in the Complaint
or Petition.

      Dated:   04/24/2023

                               Jody Phillips
                             Clerk of the Circuit Court



By _~L__ Ern4_____

As Deputy Clerk, Civil Division
501 W Adams St.
Jacksonville, FL 32202

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration at least three business days prior to the required service by using one of the following methods: Phone - (904) 630-2564; Fax - (904) 630-1146; TTD/TTY - (800) 955-8770 (Florida Relay Service). E-Mail – crtintrp@coj.net.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

DAN NEWLIN INJURY ATTORNEYS
7335 W. SAND LAKE ROAD, SUITE 300
ORLANDO, FLORIDA 32819

I6-2023-CA-000085-AAAA-MA DIV: CV-I

Filing # 169476947 E-Filed 03/23/2023 12:57:00 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FOURTH  JUDICIAL CIRCUIT,
IN AND FOR DUVAL  COUNTY, FLORIDA

Bradley Tollas, Marie Tollas
Plaintiff

Case # _____
Judge  _____

vs.

Kenneth Roark, Hoenix Medical Products, Inc. State Farm Mutual Automobile Insurance Company
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence——other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability——commercial
    ☐ Premises liability——residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice——business
    ☐ Malpractice——medical
    ☐ Malpractice——other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge——statute or ordinance
    ☐ Constitutional challenge——proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination——employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   <u>6</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Karen Reed Wasson</u>       Fla. Bar # <u>117587</u>
    Attorney or party                     (Bar # if attorney)

<u>Karen Reed Wasson</u>            <u>03/23/2023</u>
(type or print name)          Date

Filing # 173200513 E-Filed 05/15/2023 08:26:50 PM

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY FLORIDA

CASE NO.:

DIVISION: CV-D

Plaintiff(s)

v.

Defendant(s),

_____/

### AMENDED ORDER SETTING CASE MANAGEMENT PLAN
### FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of date of entry of this Order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Amended Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** When serving the Complaint on a party, Plaintiff must also serve a copy of this Order Setting Case Management Plan for Non-Complex Cases on that party. Plaintiff shall file a Certificate of Service of this Order within ten (10) days of service.

**DONE** at Jacksonville, Duval County, Florida, on Monday, April 24, 2023.

**CIRCUIT JUDGE, VIRGINIA NORTON**

2

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

## IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES, FLORIDA

### SECOND AMENDED ADMINISTRATIVE ORDER NO. 2023-05

IN RE:      CIVIL CASE MANAGEMENT AND RESOLUTION
OF NON-COMPLEX CASES FILED IN CIRCUIT COURT

**WHEREAS**, on April 13, 2021, the Supreme Court of Florida entered Administrative Order No. AOSC20-23, Amendment 12, *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts* to address the backlog of civil cases currently pending and anticipated to be filed in Florida Courts; and

**WHEREAS**, the Supreme Court of Florida has directed all chief judges of all judicial circuits to issue an administrative order that applies to each county within the judicial circuit and that requires the presiding judge for each civil case to actively manage civil cases; and

**WHEREAS**, the Fourth Judicial Circuit has issued multiple administrative orders addressing civil case management in the Circuit, including Second Amended Administrative Order No. 2021-09 for circuit court cases filed on or after April 30, 2021, and Administrative Order No. 2021-21 for circuit court cases filed before April 30, 2021; and

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, requires chief judges to "direct all judges within their circuits to strictly comply with Florida Rule of Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown";

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, further encourages all judges where consistent with public health and safety to "Implement scheduling practices that promote the conduct of as many jury trials as feasible and "[c]ommunicate to the local Bar that lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case"; and

**WHEREAS**, the Circuit's civil case management procedures for non-complex cases have been in place for a sufficient time to evaluate their effectiveness and to determine a more streamlined process is necessary; and

Doc # 2023089536, OR BK 20668 Page 1857
Number Pages: 5
Recorded 05/03/2023 01:40 PM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING $0.50

**WHEREAS**, this Second Amended Administrative Order is created to streamline the civil case management process for all non-complex civil cases in circuit court and supersedes Second Amended Administrative Order No. 2021-09 and Administrative Order No. 2021-21 when a case management plan has not previously been approved; and

**WHEREAS**, Paragraph 1 of the Amended Administrative Order No. 2023-05, is amended to remove the requirement relating to filing a complaint only in Clay County.

**NOW THEREFORE**, by the authority vested in me as the Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of General Practice and Judicial Administration, it is

**ORDERED**:

1. When a complaint is filed in any civil case, the Clerk of Court's office shall issue an Amended Order Setting Case Management Plan for Non-Complex Cases. (Attachment 1).

2. The plaintiff shall serve the Amended Order Setting Case Management Plan for Non-Complex Cases on all defendants along with the summons and complaint.

3. To have a case declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201. *All civil cases shall be designated as non-complex unless one or more parties file a motion to have the case designated as a complex case, and the request is approved by order of the Court.*

4. The Amended Order Setting Case Management Plan for all Non-Complex Cases filed in all non-complex civil cases will specify the deadlines for service of original pleadings. The Order also requires the parties to address deadlines related to motions directed to any pleadings, including motions to dismiss, motions for more definite statement, motions to strike, and any objections to the pleadings.

5. The Amended Order Setting Case Management Plan will direct that the plaintiff must and any party may file a notice that the action is at issue, pursuant to Florida Rule of Civil Procedure 1.440(b), and ready to be set for trial.

6. The Amended Order Setting Case Management Plan for all Non-Complex Cases will further direct the plaintiff to submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the matter for trial according to the division's procedures.

7. Pursuant to Florida Rule of Civil Procedure 1.440(c), if the Judge finds the action is ready to set for trial, the Judge will schedule a trial date and enter an Amended Order Setting Case for Trial and Pretrial Conference.

8.  To avoid confusion and inefficiency in judicial administration, this Second Amended Administrative Order No. 2023-05 does not amend or otherwise change schedules already established in existing Case Management Orders or Trial Set Orders. Those cases will proceed as scheduled as to all deadlines and trial settings. All other civil cases filed after March 1, 2023, require compliance.

9.  For cases filed on or after March 1, 2023, pursuant to Administrative Order No. 2023-05, the deadlines as specified in amended Paragraph 6 of the Amended Order Setting Case Management Plan as articulated in this Amended Administrative Order No. 2023-05 are effective *nunc pro tunc* to March 1, 2023.

10. This Second Amended Administrative Order No. 2023-05 shall be recorded by the Clerks of Court, in the Official Records of Clay, Duval, and Nassau Counties in the State of Florida, shall take effect immediately, and shall remain in full force and effect until further order of this Court.

**DONE** in Chambers at Jacksonville, Duval County, Florida, this 3RD day of May 2023.

MARK H. MAHON
CHIEF JUDGE

Attachment 1: Order Setting Case Management Plan

cc:     All Judges in the Fourth Judicial Circuit
        All Magistrates in the Fourth Judicial Circuit
        The Honorable Steven Whittington, Administrative Judge, Clay County
        The Honorable James Daniel, Administrative Judge, Nassau County
        The Honorable Jody Phillips, Clerk of Court, Duval County
        The Honorable Tara S. Green, Clerk of Court, Clay County
        The Honorable John A. Crawford, Clerk of Court, Nassau County
        The Honorable Jason R. Teal, General Counsel, City of Jacksonville
        Eve Janocko, Fourth Judicial Circuit Trial Court Administrator
        Claude T. Colvin, Deputy Trial Court Administrator
        Mike Smith, Court Technology Officer
        Cecilia F. Birk, Court Counsel
        Judicial Staff Attorneys, Fourth Judicial Circuit
        Fourth Judicial Circuit Law Library, Duval County
        Raymond Reid, Jr., Esq., President, ABOTA Jacksonville Chapter
        Christopher Douglas, Senior Business Strategist, Clerk of Court, Duval County
        Laura Lentini, Assistant to Court Counsel
        Jacksonville Bar Association
        Clay County Bar Association
        Nassau County Bar Association

ATTACHMENT 1

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY FLORIDA

CASE NO.:

Plaintiff(s)

DIVISION:

v.

Defendant(s).

_____/

## AMENDED ORDER SETTING CASE MANAGEMENT PLAN
## FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | DATE |
|---|---|
| Deadline for Service of Process | 120 days |
| Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of date of entry of this Order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| Notice for Trial | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Amended Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** When serving the Complaint on a party, Plaintiff must also serve a copy of this Order Setting Case Management Plan for Non-Complex Cases on that party. Plaintiff shall file a Certificate of Service of this Order within ten (10) days of service.

**DONE** at Jacksonville, Duval County, Florida, on _____, 20___.

_____
**CIRCUIT JUDGE**

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchani, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

Filing # 169476947 E-Filed 03/23/2023 12:57:00 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY

CASE NO:

BRADLEY TOLLAS and MARIE TOLLAS,

    Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY

    Defendants.

_____/

## COMPLAINT

    COME NOW the Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS, by and

through the undersigned counsel and sues the Defendants, KENNETH ROARK, an individual;

and STATE FARM AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM",

a foreign corporation authorized to do and doing business in the State of Florida, and says:

    1.    This is an action for damages that exceed the sum of FIFTY THOUSAND

($50,000.00) DOLLARS.

    2.    That at all times material to this action, Plaintiff, BRADLEY TOLLAS, was a

resident of Volusia County, Florida.

    3.    That at all times material to this action, Plaintiff, MARIE TOLLAS, was a

resident of Volusia County, Florida.

    4.    That at all times material tot this action, Defendant KENNETH ROARK is a

resident of Mountain City, Tennessee.

5.      That at all times material to this action, Defendant, HOENIX MEDICAL PRODUCTS, INC. is a foreign corporation conducting business if Florida.

6.      That at all times material to this action, STATE FARM AUTOMOBILE INSURANCE COMPANY, (hereinafter "STATE FARM") was an insurance company licensed to do and doing business in Florida.

7.      All actions giving rise to this claim occurred in Duval County, Florida.

## COUNT I — PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Plaintiff realleges and reavers paragraphs 1-7 as if fully set forth herein and further alleges as follows:

8.      That on or about March 5, 2023, Defendant, KENNETH ROARK operated a motor vehicle owned by Defendant HOENIX MEDICAL PRODUCTS, INC. on Interstate 295 South in Duval County, Florida.

9.      That on that date Defendant, KENNETH ROARK operated said vehicle with the knowledge and permission of its owner, HOENIX MEDICAL PRODUCTS, INC.

10.     That at the aforementioned time and place, KENNETH ROARK, owed a duty of care to other drivers traveling on the road, including Plaintiffs BRADLEY TOLLAS, to operate the vehicle in a careful and lawful manner and with consideration of the driving conditions at the time.

11.     In breach of said duty, Defendant, KENNETH ROARK, carelessly and negligently drove his vehicle so that it collided with the Plaintiff's vehicle. Specifically, Defendant, KENNETH ROARK failed to slow for traffic hitting the Plaintiff's vehicle in the rear.

12.    That as a direct and proximate result of the negligence of Defendant, KENNETH ROARK, Plaintiff, BRADLEY TOLLAS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, BRADLEY TOLLAS, sues the Defendant, KENNETH ROARK for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, exclusive of interest and costs, and such other relief as this court may deem just and proper, and further demands trial by jury of all issues triable by jury.

## COUNT II – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

13. Plaintiff, BRADLEY TOLLAS, adopts and realleges Paragraphs 1 through 12 as fully set forth herein.

14.    Defendant, HOENIX MEDICAL PRODUCTS INC., is vicariously liable for the negligence of Defendant, KENNETH ROARK, pursuant to Florida's Dangerous Instrumentality Doctrine.

15.    As a direct and proximate cause of Defendant's negligence, Plaintiff, BRADLEY TOLLAS, suffered or incurred injuries included, without limitation, the following:

- A. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;
- B. Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;
- C. Aggravation or activation of an existing disease or physical defect;
- D. Pain, suffering, disability, physical impairment, inconvenience, and a loss of capacity for the enjoyment of life;
- E. Expenses of medical care and treatment in the past and in the future;
- F. Loss of wages and/or loss of earning capacity in the future; and

G.  All losses are continuing and/or permanent.

16.    Plaintiff, BRADLEY TOLLAS, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, BRADLEY TOLLAS, demands judgment for damages against Defendant, HOENIX MEDICAL PRODUCTS INC. for personal injury including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

### COUNT III – PLAINTIFF BRADLEY TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Plaintiff realleges and reavers paragraphs 1-12 as if fully set forth herein and further alleges as follows:

17.    On or about March 5, 2023, KENNETH ROARK operated a motor vehicle owned by Defendant HOENIX MEDICAL PRODUCTS INC. in Duval County, Florida.

18.    On the said date, KENNETH ROARK negligently operated and/or maintained the motor vehicle so that it set in motion a sequence of events resulting in a collision with the vehicle owned and operated by the Plaintiff, BRADLEY TOLLAS

19.    At the time of said accident, STATE FARM AUTOMOBILE INSURANCE COMPANY, issues a standard personal automobile insurance policy with uninsured motorist coverage to BRADLEY TOLLAS.

20.    At the time of said accident, HOENIX MEDICAL PRODUCTS INC. carried limited bodily injury liability insurance coverage with TRAVELERS INDEMNITY COMPANY.

21.    STATE FARM AUTOMOBILE INSURANCE COMPANY refused to tender policy limits; however, Plaintiff BRADLEY TOLLAS's injuries far exceeded Defendant HEONIX MEDICAL PRODUCTS INC.'s policy limits.  STATE FARM AUTOMOBILE INSURANCE COMPANY refused to make any offer to settle Plaintiff's claim.

22.    Because the damage to the Plaintiff greatly exceeds HOENIX MEDICAL PRODUCT INC'S policy of insurance, the Defendant HOENIX MEDICAL PRODCUTS INC. is an underinsured motorist as defined in the terms of the policy issued to Plaintiff by STATE FARM AUTOMOBILE INSURANCE COMPANY.

23.    Pursuant to the terms of the policy of Uninsured Motorist insurance issued by STATE FARM AUTOMOBILE INSURANCE COMPANY, STATE FARM AUTOMOBILE INSURANCE COMPANY is responsible for the damages incurred by BRADLEY TOLLAS as a result of said accident.

24.    STATE FARM AUTOMOBILE INSURANCE COMPANY's refusal to pay uninsured motorist benefits is a breach of contract.

25.    As a direct and proximate result of the foregoing negligence of HOENIX MEDICAL PRODUCTS INC., Plaintiff, BRADLEY TOLLAS, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The injury to the Plaintiff is permanent within a reasonable degree of medical probability and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, the Plaintiff, BRADLEY TOLLAS, sues the Defendant, HOENIX MEIDCAL PRODUCTS INC., for compensatory damages in excess of FIFTY THOUSAND

($50,000.00) DOLLARS, exclusive of interest and costs, and such other relief as this Court may deem just and proper, and further demands trial by jury of all issues triable by jury.

## COUNT IV – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Plaintiff realleges and reavers paragraphs 1-7 as if fully set forth herein and further alleges as follows:

26.    That on or about March 5, 2023, Defendant, KENNETH ROARK operated a motor vehicle owned by Defendant HOENIX MEDICAL PRODUCTS, INC. on Interstate 295 South in Duval County, Florida.

27.    That on that date Defendant, KENNETH ROARK operated said vehicle with the knowledge and permission of its owner, HOENIX MEDICAL PRODUCTS, INC.

28.    That at the aforementioned time and place, KENNETH ROARK, owed a duty of care to other drivers traveling on the road, including Plaintiffs MARIE TOLLAS, to operate the vehicle in a careful and lawful manner and with consideration of the driving conditions at the time.

29.    In breach of said duty, Defendant, KENNETH ROARK, carelessly and negligently drove his vehicle so that it collided with the Plaintiff's vehicle. Specifically, Defendant, KENNETH ROARK failed to slow for traffic hitting the Plaintiff's vehicle in the rear.

30.    That as a direct and proximate result of the negligence of Defendant, KENNETH ROARK, Plaintiff MARIE TOLLAS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability

to earn money. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MARIE TOLLAS, sues the Defendant, KENNETH ROARK for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, exclusive of interest and costs, and such other relief as this court may deem just and proper, and further demands trial by jury of all issues triable by jury.

## COUNT V – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

31. Plaintiff, BRADLEY TOLLAS, adopts and realleges Paragraphs 1 through 12 as fully set forth herein.

32.    Defendant, HOENIX MEDICAL PRODUCTS INC., is vicariously liable for the negligence of Defendant, KENNETH ROARK, pursuant to Florida's Dangerous Instrumentality Doctrine.

33.    As a direct and proximate cause of Defendant's negligence, Plaintiff, MARIE TOLLAS, suffered or incurred injuries included, without limitation, the following:

> H. Significant and permanent loss of an important bodily function and/or permanent and significant scarring.
> I. Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;
> J. Aggravation or activation of an existing disease or physical defect;
> K. Pain, suffering, disability, physical impairment, inconvenience, and a loss of capacity for the enjoyment of life;
> L. Expenses of medical care and treatment in the past and in the future;
> M. Loss of wages and/or loss of earning capacity in the future; and
> N. All losses are continuing and/or permanent.

34.    Plaintiff, MARIE TOLLAS, will suffer or incur the injuries, expenses and impairment in the future.

**WHEREFORE,** Plaintiff, MARIE TOLLAS, demands judgment for damages against Defendant, HOENIX MEDICAL PRODUCTS INC. for personal injury including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

### COUNT VI– PLAINTIFF MARIE TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Plaintiff realleges and reavers paragraphs 1-12 as if fully set forth herein and further alleges as follows:

35.    On or about March 5, 2023, KENNETH ROARK operated a motor vehicle owned by Defendant HOENIX MEDICAL PRODUCTS INC. in Duval County, Florida.

36.    On the said date, KENNETH ROARK negligently operated and/or maintained the motor vehicle so that it set in motion a sequence of events resulting in a collision with the vehicle owned and operated by the Plaintiff, BRADLEY TOLLAS

37.    At the time of said accident, STATE FARM AUTOMOBILE INSURANCE COMPANY, issues a standard personal automobile insurance policy with uninsured motorist coverage to BRADLEY TOLLAS.

38.    At the time of said accident, HOENIX MEDICAL PRODUCTS INC. carried limited bodily injury liability insurance coverage with TRAVELERS INDEMNITY COMPANY.

39.    STATE FARM AUTOMOBILE INSURANCE COMPANY refused to tender policy limits; however, Plaintiff MARIE TOLLAS's injuries far exceeded Defendant HEONIX

MEDICAL PRODUCTS INC.'s policy limits. STATE FARM AUTOMOBILE INSURANCE COMPANY refused to make any offer to settle Plaintiff's claim.

40.    Because the damage to the Plaintiff greatly exceeds HOENIX MEDICAL PRODUCT INC'S policy of insurance, the Defendant HOENIX MEDICAL PRODCUTS INC. is an underinsured motorist as defined in the terms of the policy issued to Plaintiff by STATE FARM AUTOMOBILE INSURANCE COMPANY.

41.    Pursuant to the terms of the policy of Uninsured Motorist insurance issued by STATE FARM AUTOMOBILE INSURANCE COMPANY, STATE FARM AUTOMOBILE INSURANCE COMPANY is responsible for the damages incurred by MARIE TOLLAS as a result of said accident.

42.    STATE FARM AUTOMOBILE INSURANCE COMPANY's refusal to pay uninsured motorist benefits is a breach of contract.

43.    As a direct and proximate result of the foregoing negligence of HOENIX MEDICAL PRODUCTS INC., Plaintiff, MARIE TOLLAS, suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The injury to the Plaintiff is permanent within a reasonable degree of medical probability and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, the Plaintiff, MARIE TOLLAS, sues the Defendant, HOENIX MEIDCAL PRODUCTS INC., for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, exclusive of interest and costs, and such other relief as this Court may deem just and proper, and further demands trial by jury of all issues triable by jury.

DATED this 23rd day of March, 2023.

/s/ Donna S. Zmijewski
Donna S. Zmijewski, Esquire
Florida Bar No.: 0573310
Karen Wasson, Esquire
Florida Bar No: 0117587
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (321)684-6871
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Karen.Wasson@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES FLORIDA

BRADLEY TOLLAS               CASE NO.: 16-2023-CA-006683-XXXX-MA

Plaintiff(s)                      DIVISION: CV-D (CIRCUIT COURT)

v.
KENNETH ROARK
Defendant(s).
_____/

## ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES

       This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of the date of the order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel for Plaintiff shall promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order, that all unrepresented parties, subsequently named or appearing in this case, have been served copies of this Order. If a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving all future orders of the Court via non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service, including any address or email address used, within three (3) business days. If Plaintiff is unrepresented, Counsel for Defendant shall have this same obligation. If all parties are unrepresented, Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE** at Jacksonville, Duval County, Florida, on 28th of March, 2023.

CIRCUIT JUDGE

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202, (904) 255-1695.

Attachment

## IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES, FLORIDA

### ADMINISTRATIVE ORDER NO. 2023-05

IN RE:      CIVIL CASE MANAGEMENT AND RESOLUTION
            OF NON-COMPLEX CASES FILED IN CIRCUIT COURT

**WHEREAS**, on April 13, 2021, the Supreme Court of Florida entered Administrative Order No. AOSC20-23, Amendment 12, *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts* to address the backlog of civil cases currently pending and anticipated to be filed in Florida Courts; and

**WHEREAS**, the Supreme Court of Florida has directed all chief judges of all judicial circuits to issue an administrative order that applies to each county within the judicial circuit and that requires the presiding judge for each civil case to actively manage civil cases; and

**WHEREAS**, the Fourth Judicial Circuit has issued multiple administrative orders addressing civil case management in the Circuit, including Second Amended Administrative Order No. 2021-09 for circuit court cases filed on or after April 30, 2021, and Administrative Order No. 2021-21 for circuit court cases filed before April 30, 2021; and

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, requires chief judges to "direct all judges within their circuits to strictly comply with Florida Rule of Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown";

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, further encourages all judges where consistent with public health and safety to "Implement scheduling practices that promote the conduct of as many jury trials as feasible and "[c]ommunicate to the local Bar that lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case"; and

**WHEREAS**, the Circuit's civil case management procedures for non-complex cases have been in place for a sufficient time to evaluate their effectiveness and to determine a more streamlined process is necessary; and

**WHEREAS**, this Administrative Order is created to streamline the civil case management process for all non-complex civil cases in circuit court and supersedes Second Amended

Doc # 2023040216, OR BK 20586  Page 2187,
Number Pages: 6
Recorded 03/01/2023 11:11 AM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING $0.00

Administrative Order No. 2021-09 and Administrative Order No. 2021-21 when a case management plan has not previously been approved.

**NOW THEREFORE,** by the authority vested in me as the Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of General Practice and Judicial Administration, it is

**ORDERED:**

1. When a complaint is filed in any civil case, the Clerk of Court's office shall issue an Order Setting Case Management Plan for Non-Complex Cases. (Attachment 1). For cases filed in Clay County, the plaintiff shall provide a copy of the Order Setting Case Management Plan for Non-Complex Cases to the presiding judge upon filing thereof."

2. The plaintiff shall serve the Order Setting Case Management Plan for Non-Complex Cases on all defendants along with the summons and complaint.

3. To have a case declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201. *All civil cases shall be designated as non-complex unless one or more parties file a motion to have the case designated as a complex case, and the request is approved by order of the Court.*

4. The Order Setting Case Management Plan for all Non-Complex Cases filed in all non-complex civil cases will specify the deadlines for service of original pleadings. The Order also requires the parties to address deadlines related to motions directed to any pleadings, including motions to dismiss, motions for more definite statement, motions to strike, and any objections to the pleadings.

5. The Order Setting Case Management Plan will direct that the plaintiff must and any party may file a notice that the action is at issue, pursuant to Florida Rule of Civil Procedure 1.440(b), and ready to be set for trial.

6. The Order Setting Case Management Plan for all Non-Complex Cases will further direct the plaintiff to submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the matter for trial according to the division's procedures.

7. Pursuant to Florida Rule of Civil Procedure 1.440(c), if the Judge finds the action is ready to set for trial, the Judge will schedule a trial date and enter an Order Setting Case for Trial and Pretrial Conference.

8. To avoid confusion and inefficiency in judicial administration, this Administrative Order No. 2023-05 does not amend or otherwise change schedules already established in existing Case Management Orders or Trial Set Orders. Those cases will proceed as scheduled as to all deadlines and trial settings. All other civil cases filed after this Administrative Order is issued require compliance.

9. This Administrative Order No. 2023-05 shall be recorded by the Clerks of Court, in the Official Records of Clay, Duval, and Nassau Counties in the State of Florida, shall take effect immediately, and shall remain in full force and effect until further order of this Court.

**DONE** in Chambers at Jacksonville, Duval County, Florida, this ____1ˢᵗ____ day of _March_, 2023.

_____

**MARK H. MAHON**
**CHIEF JUDGE**

Attachment 1: Order Setting Case Management Plan

cc:     All Judges in the Fourth Judicial Circuit
        All Magistrates in the Fourth Judicial Circuit
        The Honorable Steven Whittington, Administrative Judge, Clay County
        The Honorable James Daniel, Administrative Judge, Nassau County
        The Honorable Jody Phillips, Clerk of Court, Duval County
        The Honorable Tara S. Green, Clerk of Court, Clay County
        The Honorable John A. Crawford, Clerk of Court, Nassau County
        The Honorable Jason R. Teal, General Counsel, City of Jacksonville
        Eve Janocko, Fourth Judicial Circuit Trial Court Administrator
        Claude T. Colvin, Deputy Trial Court Administrator
        Mike Smith, Court Technology Officer
        Cecilia F. Birk, Court Counsel
        Judicial Staff Attorneys, Fourth Judicial Circuit
        Fourth Judicial Circuit Law Library, Duval County
        The Jacksonville Bar Association
        Raymond Reid, Jr., Esq., President, ABOTA Jacksonville Chapter
        Christopher Douglas, Senior Business Strategist, Clerk of Court, Duval County
        Laura Lentini, Assistant to Court Counsel
        Jacksonville Bar Association
        Clay County Bar Association
        Nassau County Bar Association

ATTACHMENT 1

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL, CLAY, AND
NASSAU COUNTIES FLORIDA

CASE NO.:

Plaintiff(s)

DIVISION:

v.

Defendant(s).

_____/

## ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Deadline for Service of Process | 120 days |
| Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of the date of the order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| Notice for Trial | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases, and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel for Plaintiff shall promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order, that all unrepresented parties, subsequently named or appearing in this case, have been served copies of this Order. If a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving all future orders of the Court via non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service, including any address or email address used, within three (3) business days. If Plaintiff is unrepresented, Counsel for Defendant shall have this same obligation. If all parties are unrepresented, Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE** at Jacksonville, Duval County, Florida, on _____, 20___.

_____

**CIRCUIT JUDGE**

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202, (904) 255-1695.

# EXHIBIT "B"

## VERIFIED RETURN OF SERVICE

**State of Florida**                              **County of DUVAL**                                    **Circuit Court**

Case Number: 2023-CA-006683

Plaintiff:
**BRADLEY TOLLAS and MARIE TOLLAS,**
vs.
Defendant:
**KENNETH ROARK, HOENIX MEDICAL**
**PRODUCTS, INC. and STATE FARM**
**MUTUAL AUTOMOBILE INSURANCE**
**COMPANY**

For: DONNA ZMIJWESKI, ESQ.
DAN NEWLIN INJURY ATTORNEYS

Received by Professional Investigative Group on the 30th day of May, 2023 at 7:36 pm to be served on **KENNETH ROARK, 2157 HWY 133, SHADY VALLEY, TN 37688**, I, _Key Kerneghan_, being duly sworn, depose and say that on the _5th_ day of _June_, 20_23_ at _10:58_A.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT and CASE MANAGEMENT ORDER** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

( ) SUBSTITUTE - PRIVATE MAILBOX:  served by delivering a true copy of the documents to: _____
_____, a person in charge at the recipient's private mailbox  the only address known after reasonable investigation and after determining that the person to be served maintains a mailbox at this location, in compliance with Florida Statute 48.031(6)

( ) AUTHORIZED SERVICE: By serving _____ as peron authorized to accept service.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or (✓) No   If yes, what branch? _____

Marital Status: ( ) Married or (✓) Single   Name of Spouse _____

**COMMENTS:** _____

_____

_____

_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525:  Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: 2023004423

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

# EXHIBIT "C"

**23-529/JBV/lam**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

## DEFENDANT, KENNETH ROARK'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, BRADLEY TOLLAS AND MARIE TOLLAS AND MARIE TOLLAS' COMPLAINT

COMES NOW, the Defendant, KENNETH ROARK'S, ("Roark"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff, BRADLEY TOLLAS AND MARIE TOLLAS ("Plaintiffs"), Complaint, and states as follows:

### ANSWER

1.    Roark admits for jurisdictional purposes only, otherwise the allegations contained in paragraph 1 of Plaintiffs' Complaint is denied.

2.    Roark is without knowledge as to the allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3.    Roark is without knowledge as to the allegations contained in paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4.      Roark is without knowledge as to the allegations as phrased in paragraph 4 of Plaintiffs' Complaint is denied.

5.      Roark is without knowledge as to the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.      Roark is without knowledge as to the allegations contained in paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7.      Roark admits for jurisdictional purposes only, otherwise the allegations contained in paragraph 7 of Plaintiffs' Complaint is denied.

## COUNT I – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Roark realleges and reavers paragraphs 1- 7 as if fully set forth herein and further alleges as follows:

8.      Roark denies the allegations as phrased in paragraph 8 of Plaintiffs' Complaint.

9.      Roark denies the allegations as phrased in paragraph 9 of Plaintiffs' Complaint.

10.     Roark denies the allegations as phrased in paragraph 10 of Plaintiffs' Complaint.

11.     Roark denies the allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Roark denies the allegations in paragraph 12 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## COUNT II – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

13.     Roark adopts and realleges paragraphs 1 through 12 as fully set forth herein.

14.-16. Count II of Plaintiffs' Complaint is not directed towards Roark, and therefore,

Roark is under no obligation to respond to the allegations contained within same. Nevertheless, should any of the allegations of Count II be construed against Roark, then Roark denies Paragraphs fourteen (14) through sixteen (16), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

### COUNT III – PLAINTIFF BRADLEY TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Roark realleges and reavers paragraphs 1- 12 as if fully set forth herein and further alleges as follows:

17.-25. Count III of Plaintiffs' Complaint is not directed towards Roark, and therefore, Roark is under no obligation to respond to the allegations contained within same. Nevertheless, should any of the allegations of Count III be construed against Roark, then Roark denies Paragraphs seventeen (17) through twenty-five (25), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

### COUNT IV – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Roark realleges and reavers paragraphs 1- 7 as if fully set forth herein and further alleges as follows:

26.    Roark denies the allegations as phrased in paragraph 26 of Plaintiffs' Complaint.

27.    Roark denies the allegations as phrased in paragraph 27 of Plaintiffs' Complaint.

28.    Roark denies the allegations as phrased in paragraph 28 of Plaintiffs' Complaint.

29.    Roark denies the allegations in paragraph 29 of Plaintiffs' Complaint.

30.    Roark denies the allegations in paragraph 30 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## COUNT V – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

31.    Roark adopts and realleges Paragraphs 1 through 12 as fully set forth herein.

32.-34. Count V of Plaintiffs' Complaint is not directed towards Roark, and therefore, Roark is under no obligation to respond to the allegations contained within same. Nevertheless, should any of the allegations of Count V be construed against Roark, then Roark denies Paragraphs thirty-two (32) through thirty-four (34), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## COUNT VI – PLAINTIFF MARIE TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Roark realleges and reavers paragraphs 1- 12 as if fully set forth herein and further alleges as follows:

35.-43. Count VI of Plaintiffs' Complaint is not directed towards Roark, and therefore, Roark is under no obligation to respond to the allegations contained within same. Nevertheless, should any of the allegations of Count VI be construed against Roark, then Roark denies Paragraphs thirty-five (35) through forty-three (43), including all subparts, of Plaintiffs'

Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## **AFFIRMATIVE DEFENSES**

44.     Roark denies each and every allegation not specifically admitted, contained in each and every paragraph of the Plaintiffs' Complaint, and demands strict proof thereof.

45.     Roark alleges that Plaintiffs fail to state a cause of action upon which relief may be granted.

46.     Roark alleges that Plaintiffs were negligent, which was the sole or contributing legal cause of Plaintiffs' damages.

47.     Roark alleges that Plaintiffs failed to wear their seatbelts, and that was the legal cause of the Plaintiffs' damages.

48.     Roark alleges that Plaintiffs' damages or the cause of such damages, if any, were not reasonably foreseeable by Roark.

49.     Roark alleges that he is entitled to a set-off for all collateral source benefits paid or payable.

50.     Roark alleges that Plaintiffs failed to mitigate their damages.

51.     Roark alleges that the incident which gives rise to this action was the result of the negligence of known and/or unknown third parties, who were the sole or contributing cause of the Plaintiffs' alleged injuries/damages.  Roark is entitled to have the damage apportioned among these third parties and included on the verdict form pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).  If Plaintiff shall settle with any such parties prior to trial, Roark reserves the right to

add any and all such parties to the verdict form pursuant to the *Fabre* decision.

52.    Roark asserts that the identity of any such additional third-party or parties is presently unknown to Roark but will be designated as soon as sufficient information is available to it.  Nonetheless, Roark gives notice of its intent to assert the liability, negligence of fault of a non-party and to request an apportionment by the jury of the non-party's liability, negligence, and faults pursuant to the applicable statutory and case law.

53.    Roark asserts that the incident in this case falls under the provisions of Florida Statutes, Chapter 768, which specifically addresses, but is not limited to, joint and several liability and non-duplication of collateral source benefits.  Roark affirmatively pleads all of the defenses and rights available to it under said Chapter.  Additionally, Roark asserts that joint and several liability has been abolished in Florida as of April 26, 2006, and Roark affirmatively pleads all rights available to it under the applicable law set for in Chapter 768.

54.    Roark alleges that judgment shall only be entered on the basis of each party's percentage of fault, not on the basis of joint and several liability pursuant to Florida Statutes § 768.81. Additionally, Roark alleges that Plaintiffs were more than fifty percent at fault for their own harm and therefore, may not recover any damages from Roark.

55.    Roark alleges that the Plaintiffs have not exceeded the threshold requirements of Florida Statutes relating to motor vehicle accidents, and thus, Plaintiffs' damages, if any, are limited in accordance with Florida Law.

56.    Roark affirmatively alleges that he is entitled to all of the benefits, defenses and protections of the HB 837.

57.    Roark affirmatively alleges that he is entitled to all of the benefits, defenses and protections under Florida State 768.0427 regarding letters of protection and evidence offered to

prove the amount of damages for past or future medical treatment or services.

58.    Roark gives notice that it intends to rely upon other such affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend this answer and assert any such defense.

WHEREFORE, the Defendant, KENNETH ROARK, having answered and affirmatively defended against Plaintiffs, BRADLEY TOLLAS AND MARIE TOLLAS Complaint, hereby demands judgment in its favor against Plaintiffs, along with an award of all applicable costs and any and all such relief that the Honorable Court deems appropriate.  Further, KENNETH ROARK, demands a trial by jury in the matter.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                         Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl 33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 7th day of August, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med

*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

STYLE:        Tollas. v. Roark/Phoenix Med
CASE NO.:     16-2023-CA-006683 CV-D
OUR FILE NO.:   23-529


COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:        407/203-6580
FAX:          321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com;
Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com;
jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:        305/428-2470
FAX:          305/428-2471
EMAIL:  efresco@siolilaw.com;
statefarm@siolilaw.com;
jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:        561/688-6560
FAX:          561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

# EXHIBIT "D"

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 58 of 222 PageID 58

Filing # 169476947 E-Filed 03/23/2023 12:57:00 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>  COUNTY, FLORIDA

<u>Bradley Tollas, Marie Tollas</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Kenneth Roark, Hoenix Medical Products, Inc, State Farm Mutual Automobile Insurance Company</u>
 Defendant

_____

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

      **III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>6</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Karen Reed Wasson</u>      Fla. Bar # <u>117587</u>
    Attorney or party          (Bar # if attorney)

<u>Karen Reed Wasson   </u>      <u>03/23/2023</u>
 (type or print name)       Date

# EXHIBIT "E"

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,    CASE NO.:  16-2023-CA-006683 CV-D

      Plaintiffs,

v.

KENNETH ROARK, PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

    COMES NOW Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS, by and through the

undersigned attorney, and in accordance with Florida Rule of Civil Procedure 1.370, files this

response to Request for Admissions filed herein by Defendants, KENNETH ROARK and

PHOENIX MEDICAL PRODUCTS, INC., as follows:

1. Admit that Plaintiff, Bradley Tollas, is seeking damages in excess of $75,000.00.

    **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00
    jurisdictional limit.**

2. Admit that Plaintiff, Bradley Tollas, is seeking damages in an amount less than $75,000.00.

    **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00
    jurisdictional limit.**

3. Admit that Plaintiff, Marie Tollas, is seeking damages in excess of $75,000.00.

    **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00
    jurisdictional limit.**

4. Admit that Plaintiff, Marie Tollas, is seeking damages in an amount less than $75,000.00.

**RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 7th day of September, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Jason B. Vrbensky, Esq.** and **Benjamin L. Bedard, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL 33409. [bbedard@rrbpa.com; jvrbensky@rrbpa.com; lsmith@rrbpa.com].

*/s/ Gregory Jackson, Esquire*
Gregory Jackson, Esquire
Florida Bar No.: 0503126
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407) 845-1848
Fax: (321) 710-1375
Gregory.Jackson@newlinlaw.com
Shequita.Black@newlinlaw.com
Jenifer.Acuna@newlinlaw.com
**<u>SERVICE EMAIL ONLY:</u>**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

# EXHIBIT "F"



**JODY PHILLIPS**

**RECEIPT**

4388044

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
04/24/2023 09:56
Page 1 of 1

| Receipt Number: 4388044 - Date 04/24/2023  Time 9:56AM | | | |
|---|---|---|---|
| Received of: | Karen Reed Wasson<br>7335 W. Sand Lake Road<br>Orlando, FL 32819 | | |
| Cashier Name: | EFile | Balance Owed: | 30.00 |
| Cashier Location: | E-Filing | Total Amount Paid: | 30.00 |
| Receipt ID: | 7753477 | Remaining Balance: | 0.00 |
| Division: | CV-D(Circuit Court) | | |

| Case# 16-2023-CA-006683-XXXX-MA -- PLAINTIFF: TOLLAS, BRADLEY | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 30.00 | 30.00 | 0.00 |
| **Case Total** | **30.00** | **30.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 7420446 | **30.00** |
| **Total Received** | | **30.00** |
| **Total Paid** | | **30.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |



## JODY PHILLIPS

CLERK OF THE CIRCUIT AND COUNTY COURTS

JACKSONVILLE, DUVAL COUNTY, FLORIDA

# RECEIPT
4368847

Printed On:
03/28/2023 04:11
Page 1 of 1

| Receipt Number: 4368847 - Date 03/28/2023  Time 4:11PM | | | |
|---|---|---|---|
| **Received of:** | Karen Reed Wasson<br>7335 W. Sand Lake Road<br>Orlando, FL 32819 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 7732882 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-D(Circuit Court) | | |

| Case# 16-2023-CA-006683-XXXX-MA -- PLAINTIFF: TOLLAS, BRADLEY | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 7051047 | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

## The clerk of courts is here to help you.

| | |
|---|---|
| We can be found online at: | **WWW.DUVALCLERK.COM** |
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 67 of 222 PageID 67

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY FLORIDA

CASE NO.:

Plaintiff(s)

DIVISION: CV-D

v.

Defendant(s).

_____/

## AMENDED ORDER SETTING CASE MANAGEMENT PLAN
## FOR NON-COMPLEX CASES

       This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of date of entry of this Order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. ***Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.***

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Amended Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation ***and*** Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** When serving the Complaint on a party, Plaintiff must also serve a copy of this Order Setting Case Management Plan for Non-Complex Cases on that party. Plaintiff shall file a Certificate of Service of this Order within ten (10) days of service.

**DONE** at Jacksonville, Duval County, Florida, on Monday, April 24, 2023.

**CIRCUIT JUDGE, VIRGINIA NORTON**

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.**

**ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.**

3

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES, FLORIDA

## SECOND AMENDED ADMINISTRATIVE ORDER NO. 2023-05

IN RE:    **CIVIL CASE MANAGEMENT AND RESOLUTION
OF NON-COMPLEX CASES FILED IN CIRCUIT COURT**

**WHEREAS**, on April 13, 2021, the Supreme Court of Florida entered Administrative Order No. AOSC20-23, Amendment 12, *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts* to address the backlog of civil cases currently pending and anticipated to be filed in Florida Courts; and

**WHEREAS**, the Supreme Court of Florida has directed all chief judges of all judicial circuits to issue an administrative order that applies to each county within the judicial circuit and that requires the presiding judge for each civil case to actively manage civil cases; and

**WHEREAS**, the Fourth Judicial Circuit has issued multiple administrative orders addressing civil case management in the Circuit, including Second Amended Administrative Order No. 2021-09 for circuit court cases filed on or after April 30, 2021, and Administrative Order No. 2021-21 for circuit court cases filed before April 30, 2021; and

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, requires chief judges to "direct all judges within their circuits to strictly comply with Florida Rule of Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown";

**WHEREAS**, Administrative Order No. AOSC20-23, Amendment 12, further encourages all judges where consistent with public health and safety to "Implement scheduling practices that promote the conduct of as many jury trials as feasible and "[c]ommunicate to the local Bar that lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case"; and

**WHEREAS**, the Circuit's civil case management procedures for non-complex cases have been in place for a sufficient time to evaluate their effectiveness and to determine a more streamlined process is necessary; and

Doc # 2023089535, OR BK 20666 Page 1657,
Number Pages: 5
Recorded 05/03/2023 01:40 PM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING $0.00

**WHEREAS**, this Second Amended Administrative Order is created to streamline the civil case management process for all non-complex civil cases in circuit court and supersedes Second Amended Administrative Order No. 2021-09 and Administrative Order No. 2021-21 when a case management plan has not previously been approved; and

**WHEREAS**, Paragraph 1 of the Amended Administrative Order No. 2023-05, is amended to remove the requirement relating to filing a complaint only in Clay County.

**NOW THEREFORE**, by the authority vested in me as the Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of General Practice and Judicial Administration, it is

**ORDERED**:

1. When a complaint is filed in any civil case, the Clerk of Court's office shall issue an Amended Order Setting Case Management Plan for Non-Complex Cases. (Attachment 1).

2. The plaintiff shall serve the Amended Order Setting Case Management Plan for Non-Complex Cases on all defendants along with the summons and complaint.

3. To have a case declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201. *All civil cases shall be designated as non-complex unless one or more parties file a motion to have the case designated as a complex case, and the request is approved by order of the Court.*

4. The Amended Order Setting Case Management Plan for all Non-Complex Cases filed in all non-complex civil cases will specify the deadlines for service of original pleadings. The Order also requires the parties to address deadlines related to motions directed to any pleadings, including motions to dismiss, motions for more definite statement, motions to strike, and any objections to the pleadings.

5. The Amended Order Setting Case Management Plan will direct that the plaintiff must and any party may file a notice that the action is at issue, pursuant to Florida Rule of Civil Procedure 1.440(b), and ready to be set for trial.

6. The Amended Order Setting Case Management Plan for all Non-Complex Cases will further direct the plaintiff to submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the matter for trial according to the division's procedures.

7. Pursuant to Florida Rule of Civil Procedure 1.440(c), if the Judge finds the action is ready to set for trial, the Judge will schedule a trial date and enter an Amended Order Setting Case for Trial and Pretrial Conference.

8.  To avoid confusion and inefficiency in judicial administration, this Second Amended Administrative Order No. 2023-05 does not amend or otherwise change schedules already established in existing Case Management Orders or Trial Set Orders. Those cases will proceed as scheduled as to all deadlines and trial settings. All other civil cases filed after March 1, 2023, require compliance.

9.  For cases filed on or after March 1, 2023, pursuant to Administrative Order No. 2023-05, the deadlines as specified in amended Paragraph 6 of the Amended Order Setting Case Management Plan as articulated in this Amended Administrative Order No. 2023-05 are effective *nunc pro tunc* to March 1, 2023.

10. This Second Amended Administrative Order No. 2023-05 shall be recorded by the Clerks of Court, in the Official Records of Clay, Duval, and Nassau Counties in the State of Florida, shall take effect immediately, and shall remain in full force and effect until further order of this Court.

**DONE** in Chambers at Jacksonville, Duval County, Florida, this 3ᴿᴼ day of May 2023.

**MARK H. MAHON**
**CHIEF JUDGE**

Attachment 1: Order Setting Case Management Plan

cc:    All Judges in the Fourth Judicial Circuit
       All Magistrates in the Fourth Judicial Circuit
       The Honorable Steven Whittington, Administrative Judge, Clay County
       The Honorable James Daniel, Administrative Judge, Nassau County
       The Honorable Jody Phillips, Clerk of Court, Duval County
       The Honorable Tara S. Green, Clerk of Court, Clay County
       The Honorable John A. Crawford, Clerk of Court, Nassau County
       The Honorable Jason R. Teal, General Counsel, City of Jacksonville
       Eve Janocko, Fourth Judicial Circuit Trial Court Administrator
       Claude T. Colvin, Deputy Trial Court Administrator
       Mike Smith, Court Technology Officer
       Cecilia F. Birk, Court Counsel
       Judicial Staff Attorneys, Fourth Judicial Circuit
       Fourth Judicial Circuit Law Library, Duval County
       Raymond Reid, Jr., Esq., President, ABOTA Jacksonville Chapter
       Christopher Douglas, Senior Business Strategist, Clerk of Court, Duval County
       Laura Lentini, Assistant to Court Counsel
       Jacksonville Bar Association
       Clay County Bar Association
       Nassau County Bar Association

ATTACHMENT 1

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY FLORIDA

CASE NO.:

Plaintiff(s)

DIVISION:

v.

Defendant(s).

_____ /

## AMENDED ORDER SETTING CASE MANAGEMENT PLAN
## FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of date of entry of this Order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. ***Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.***

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Amended Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation ***and*** Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** When serving the Complaint on a party, Plaintiff must also serve a copy of this Order Setting Case Management Plan for Non-Complex Cases on that party. Plaintiff shall file a Certificate of Service of this Order within ten (10) days of service.

**DONE** at Jacksonville, Duval County, Florida, on _____, 20___.

_____
**CIRCUIT JUDGE**

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.**

**ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.**

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES FLORIDA

BRADLEY TOLLAS                    CASE NO.: 16-2023-CA-006683-XXXX-MA

Plaintiff(s)                      DIVISION: CV-D (CIRCUIT COURT)

v.

KENNETH ROARK
Defendant(s).
_____/

## ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES

       This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of the date of the order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED**:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. ***Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.***

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases (Attachment 1), and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation ***and*** Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel for Plaintiff shall promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order, that all unrepresented parties, subsequently named or appearing in this case, have been served copies of this Order. If a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving all future orders of the Court via non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service, including any address or email address used, within three (3) business days. If Plaintiff is unrepresented, Counsel for Defendant shall have this same obligation. If all parties are unrepresented, Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE** at Jacksonville, Duval County, Florida, on 28th of March, 2023.

**CIRCUIT JUDGE**

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

Attachment

## IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL, CLAY, AND NASSAU COUNTIES, FLORIDA

### ADMINISTRATIVE ORDER NO. 2023-05

IN RE:       CIVIL CASE MANAGEMENT AND RESOLUTION
             OF NON-COMPLEX CASES FILED IN CIRCUIT COURT

WHEREAS, on April 13, 2021, the Supreme Court of Florida entered Administrative Order No. AOSC20-23, Amendment 12, *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts* to address the backlog of civil cases currently pending and anticipated to be filed in Florida Courts; and

WHEREAS, the Supreme Court of Florida has directed all chief judges of all judicial circuits to issue an administrative order that applies to each county within the judicial circuit and that requires the presiding judge for each civil case to actively manage civil cases; and

WHEREAS, the Fourth Judicial Circuit has issued multiple administrative orders addressing civil case management in the Circuit, including Second Amended Administrative Order No. 2021-09 for circuit court cases filed on or after April 30, 2021, and Administrative Order No. 2021-21 for circuit court cases filed before April 30, 2021; and

WHEREAS, Administrative Order No. AOSC20-23, Amendment 12, requires chief judges to "direct all judges within their circuits to strictly comply with Florida Rule of Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown";

WHEREAS, Administrative Order No. AOSC20-23, Amendment 12, further encourages all judges where consistent with public health and safety to "Implement scheduling practices that promote the conduct of as many jury trials as feasible and "[c]ommunicate to the local Bar that lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case"; and

WHEREAS, the Circuit's civil case management procedures for non-complex cases have been in place for a sufficient time to evaluate their effectiveness and to determine a more streamlined process is necessary; and

WHEREAS, this Administrative Order is created to streamline the civil case management process for all non-complex civil cases in circuit court and supersedes Second Amended

Doc # 2023040216, OR BK 20596  Page 2187,
Number Pages: 6
Recorded 03/01/2023 11:11 AM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING  $0.00

Administrative Order No. 2021-09 and Administrative Order No. 2021-21 when a case management plan has not previously been approved.

**NOW THEREFORE**, by the authority vested in me as the Chief Judge of the Fourth Judicial Circuit and pursuant to the Florida Rules of General Practice and Judicial Administration, it is

**ORDERED:**

1. When a complaint is filed in any civil case, the Clerk of Court's office shall issue an Order Setting Case Management Plan for Non-Complex Cases. (Attachment 1). For cases filed in Clay County, the plaintiff shall provide a copy of the Order Setting Case Management Plan for Non-Complex Cases to the presiding judge upon filing thereof."

2. The plaintiff shall serve the Order Setting Case Management Plan for Non-Complex Cases on all defendants along with the summons and complaint.

3. To have a case declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201. *All civil cases shall be designated as non-complex unless one or more parties file a motion to have the case designated as a complex case, and the request is approved by order of the Court.*

4. The Order Setting Case Management Plan for all Non-Complex Cases filed in all non-complex civil cases will specify the deadlines for service of original pleadings. The Order also requires the parties to address deadlines related to motions directed to any pleadings, including motions to dismiss, motions for more definite statement, motions to strike, and any objections to the pleadings.

5. The Order Setting Case Management Plan will direct that the plaintiff must and any party may file a notice that the action is at issue, pursuant to Florida Rule of Civil Procedure 1.440(b), and ready to be set for trial.

6. The Order Setting Case Management Plan for all Non-Complex Cases will further direct the plaintiff to submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the matter for trial according to the division's procedures.

7. Pursuant to Florida Rule of Civil Procedure 1.440(c), if the Judge finds the action is ready to set for trial, the Judge will schedule a trial date and enter an Order Setting Case for Trial and Pretrial Conference.

8. To avoid confusion and inefficiency in judicial administration, this Administrative Order No. 2023-05 does not amend or otherwise change schedules already established in existing Case Management Orders or Trial Set Orders. Those cases will proceed as scheduled as to all deadlines and trial settings. All other civil cases filed after this Administrative Order is issued require compliance.

2

9. This Administrative Order No. 2023-05 shall be recorded by the Clerks of Court, in the Official Records of Clay, Duval, and Nassau Counties in the State of Florida, shall take effect immediately, and shall remain in full force and effect until further order of this Court.

**DONE** in Chambers at Jacksonville, Duval County, Florida, this ___1ST___ day of _March_, 2023.

**MARK H. MAHON**
**CHIEF JUDGE**

Attachment 1: Order Setting Case Management Plan

cc:    All Judges in the Fourth Judicial Circuit
       All Magistrates in the Fourth Judicial Circuit
       The Honorable Steven Whittington, Administrative Judge, Clay County
       The Honorable James Daniel, Administrative Judge, Nassau County
       The Honorable Jody Phillips, Clerk of Court, Duval County
       The Honorable Tara S. Green, Clerk of Court, Clay County
       The Honorable John A. Crawford, Clerk of Court, Nassau County
       The Honorable Jason R. Teal, General Counsel, City of Jacksonville
       Eve Janocko, Fourth Judicial Circuit Trial Court Administrator
       Claude T. Colvin, Deputy Trial Court Administrator
       Mike Smith, Court Technology Officer
       Cecilia F. Birk, Court Counsel
       Judicial Staff Attorneys, Fourth Judicial Circuit
       Fourth Judicial Circuit Law Library, Duval County
       The Jacksonville Bar Association
       Raymond Reid, Jr., Esq., President, ABOTA Jacksonville Chapter
       Christopher Douglas, Senior Business Strategist, Clerk of Court, Duval County
       Laura Lentini, Assistant to Court Counsel
       Jacksonville Bar Association
       Clay County Bar Association
       Nassau County Bar Association

ATTACHMENT 1

IN THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL, CLAY, AND
NASSAU COUNTIES FLORIDA

CASE NO.:

DIVISION:

Plaintiff(s)

v.

Defendant(s).

_____/

## ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES

This civil action comes before the Court upon Plaintiff filing a complaint. The Court now establishes a Case Management Plan as set forth below. If a case is declared complex, the parties shall follow the procedures in Florida Rule of Civil Procedure 1.201, rather than this Case Management Plan.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process** | 120 days |
| **Motions to Dismiss, Motion for More Definite Statement, Motions to Strike and any objections to the pleadings** | Within 60 days of filing the motion/objection or, if such motion/objection was previously filed, within 60 days of the date of the order approving this Case Management Plan, counsel must schedule with the Court's Judicial Assistant a hearing on the motion/objection. Failure to do so will result in the motion/objection being deemed abandoned and denied. Non-movant shall timely submit a proposed order if the motion/objection is deemed abandoned and denied. |
| **Notice for Trial** | Plaintiff must and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440 (b) and any party filing a notice for trial shall also submit to the Court a completed Trial Set Memorandum within ten (10) days from the date the case is at issue as defined by Rule 1.440(a). Each civil division's Trial Set Memorandum and any other procedures for setting trials are posted on the Fourth Judicial Circuit's website: jud4.org. |

It is **ORDERED:**

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN:** The parties shall strictly comply with the terms of this Case Management Plan, unless otherwise ordered by the Court. *Failure to comply with all requirements of this order may result in the imposition of sanctions, including dismissal of the case.*

2. **ADDITIONAL FOURTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the Fourth Judicial Circuit's Administrative Order 2023-05, In Re: Civil Case Management and Resolution in Circuit Court of Non-Complex Cases, and any division-specific guidelines that may apply.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation *and* Court order, according to applicable law.

4. **NOTICE FOR TRIAL:** Plaintiff shall and any party may file a notice that the action is at issue and ready to be set for trial pursuant to Florida Rule of Civil Procedure 1.440(b) and submit to the Court a completed Trial Set Memorandum no later than ten (10) days after the date the case is at issue as defined by Florida Rule of Civil Procedure 1.440(a) to schedule the case for trial pursuant to the division's procedures.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without Court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel for Plaintiff shall promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order, that all unrepresented parties, subsequently named or appearing in this case, have been served copies of this Order. If a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving all future orders of the Court via non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service, including any address or email address used, within three (3) business days. If Plaintiff is unrepresented, Counsel for Defendant shall have this same obligation. If all parties are unrepresented, Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

**DONE** at Jacksonville, Duval County, Florida, on _____, 20__.

_____
**CIRCUIT JUDGE**

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, at least seven (7) days before your scheduled court appearance or immediately upon receiving this notice if the time before the scheduled appearance is less than seven (7) days. If you are hearing or voice impaired, call 711.

ADA Coordinator: Debra Marchant, Human Resources Manager, Duval County Courthouse, 501 W. Adams Street, Jacksonville, FL 32202. (904) 255-1695.

23-529/JBV/DBZ/prl

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

## DEFENDANTS, KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC.'S, MOTION TO COMPEL BETTERS RESPONSES TO REQUEST FOR ADMISSIONS TO PLAINTIFFS, BRADLEY TOLLAS AND MARIE TOLLAS AND INCORPORATED MOTION FOR ATTORNEY FEES AND COSTS

COMES NOW, Defendants, KENNETH ROARK and PHOENIX MEDICAL PRODUCTS, INC., (collectively "Defendants"), by and through its undersigned counsel, pursuant to Fla. R. Civ. P. Rule 1.380 files this Motion to Compel and requests an entry from this Court of an Order compelling, Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS (collectively "Plaintiffs"), to provide better Responses to Defendants Request for Admissions, and as grounds therefore, states as follows:

    1.    This is an action that Plaintiffs, Bradley Tollas and Marie Tollas, have alleged in their Complaint filed on March 23, 2023, for claims of Negligence against the Defendants, which the Defendants adamantly deny the Plaintiffs allegations as it pertains to them.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 10/02/2023 08:11:54 AM

2.      On or about August 8, 2023, Defendants electronically filed their Request for Admissions to Plaintiffs, Bradley Tollas and Marie Tollas. *See Exhibit "A"*.

3.      Plaintiffs on September 7, 2023, electronically filed their Response to Defendants' Request for Admissions. *See Exhibit "B"*.

4.      Plaintiffs' Responses to Defendants' Request for Admissions to Plaintiffs, contained insufficient responses, in that Plaintiffs purposely failed to respond appropriately to the Defendants' Request for Admissions.

5.      The Plaintiffs purpose behind failing to respond appropriately, was to keep the case in state court, when the appropriate venue would be the federal court, as there is diversity in jurisdiction.

6.      It is imperative that Plaintiffs appropriately respond to Defendants' Request for Admissions so that the case be in front of the proper tribunal.

7.      If the case is to remain in front of this Court, Defendants requests that the Court limit Plaintiffs' damages to less than $75,000.00 dollars.

8.      In the event this motion is granted and pursuant to Rule 1.380(a)(4), the Defendant further requests this Court to award attorney's fees for Defendants' having to seek a Motion to Compel better Response to Defendants' Request for Admissions, for their purposeful failure to appropriately respond.

WHEREFORE, Defendants, KENNETH ROARK and PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Honorable Court to enter an Order Compelling Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS, to provide better Responses to Defendants Request for Admissions, and award Defendants fees and costs in relation with bringing this Motion, and such other relief as this Court deems proper.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl 33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 29th day of September, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med



*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

STYLE:        Tollas. v. Roark/Phoenix Med
CASE NO.:     16-2023-CA-006683 CV-D
OUR FILE NO.:  23-529

COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL 32819
Counsel for Plaintiff
PHONE:     407/203-6580
FAX:        321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com;
Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com;
jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL 33156
Counsel for State Farm
PHONE:     305/428-2470
FAX:        305/428-2471
EMAIL:  efresco@siolilaw.com;
statefarm@siolilaw.com;
jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Counsel for Roark/Phoenix Med
PHONE:     561/688-6560
FAX:        561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

# EXHIBIT "A"

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 89 of 222 PageID 89

23-529/JBV/MSO/tlc

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
        Plaintiff,
vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
        Defendants.
_____/

## **DEFENDANTS', KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC., REQUEST FOR ADMISSIONS TO PLAINTIFFS, BRADLEY TOLLAS AND MARIE TOLLAS**

      COMES NOW, Defendants, KENNETH ROARK and PHOENIX MEDICAL

PRODUCTS, INC. (collectively "Defendants"), by and through the undersigned counsel, pursuant

to the Florida Rules of Civil Procedure, hereby requests that Plaintiffs, BRADLEY TOLLAS and

MARIE TOLLAS (collectively "Plaintiffs"), either admit or deny the following allegations within

thirty (30) days from the date hereof:

1.     Admit that Plaintiff, Bradley Tollas, is seeking damages in excess of $75,000.00.

**RESPONSE:**

2.     Admit that Plaintiff, Bradley Tollas, is seeking damages in an amount less than $75,000.00.

**RESPONSE:**

3.      Admit that Plaintiff, Marie Tollas, is seeking damages in excess of $75,000.00.

**RESPONSE:**

4.      Admit that Plaintiff, Marie Tollas, is seeking damages in an amount less than $75,000.00.

**RESPONSE:**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl 33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on the 8th day of August, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med

*/s/Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

STYLE:          Tollas. v. Roark/Phoenix Med
CASE NO.:       16-2023-CA-006683 CV-D
OUR FILE NO.:   23-529

### COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:        407/203-6580
FAX:          321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:        305/428-2470
FAX:          305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:        561/688-6560
FAX:          561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,    CASE NO.: 16-2023-CA-006683 CV-D

      Plaintiffs,

v.

KENNETH ROARK, PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

COMES NOW Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS, by and through the undersigned attorney, and in accordance with Florida Rule of Civil Procedure 1.370, files this response to Request for Admissions filed herein by Defendants, KENNETH ROARK and PHOENIX MEDICAL PRODUCTS, INC., as follows:

1.  Admit that Plaintiff, Bradley Tollas, is seeking damages in excess of $75,000.00.

    **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

2.  Admit that Plaintiff, Bradley Tollas, is seeking damages in an amount less than $75,000.00.

    **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

3.  Admit that Plaintiff, Marie Tollas, is seeking damages in excess of $75,000.00.

    **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

4.  Admit that Plaintiff, Marie Tollas, is seeking damages in an amount less than $75,000.00.

**RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 7th day of September, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Jason B. Vrbensky, Esq.** and **Benjamin L. Bedard, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL 33409. [bbedard@rrbpa.com; jvrbensky@rrbpa.com; lsmith@rrbpa.com].

/s/ *Gregory Jackson, Esquire*
Gregory Jackson, Esquire
Florida Bar No.: 0503126
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407) 845-1848
Fax: (321) 710-1375
Gregory.Jackson@newlinlaw.com
Shequita.Black@newlinlaw.com
Jenifer.Acuna@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

**23-529/lls**

IN THE CIRCUIT COURT OF THE 4th JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
             Plaintiff,
vs.

KENNETH ROAR; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
             Defendants.
_____/

## NOTICE OF APPEARANCE

The law firm of ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC, reserving all rights including the right to object to the jurisdiction of this Court, on behalf of Defendants, KENNETH ROARK and PHOENIX MEDICAL PRODUCTS, INC., hereby enters its appearance for and on behalf of said Defendant in the above-styled cause.

It is requested that all future pleadings be copied to the undersigned, Attention: BENJAMIN L. BEDARD, ESQUIRE.   It is requested that Roberts, Reynolds, Bedard & Tuzzio, PLLC be added to the Certificate of Service list effective immediately.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Donna Zmijewski, Esq., Karen Wasson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, donna.zmijewski@newlinlaw.com; karen.wasson@newlinlaw.com; noah.rosenbaum@newlinlaw.com; by delivery via the Court's E-Filing Portal on 2nd day of June, 2023.

                    ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
                    470 Columbia Drive, Bldg. C101
                    West Palm Beach, FL   33409
                    Phone: 561/688-6560      Fax: 561/688-2343
                    Service Email: service_blb@rrbpa.com
                    Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
                    Attorneys for Roark/Phoenix Med
                    ___/s/   *Benjamin L. Bedard*_____
                    BENJAMIN L. BEDARD
                    Florida Bar No: 983772
                    JASON B. VRBENSKY
                    Florida Bar No.:   014039

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 96 of 222 PageID 96

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No.: 2023-CA-006683

BRADLEY TOLLAS and MARIE TOLLAS,

     Plaintiff,

v

KENNETH ROARK, HOENIX MEDICAL,
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE
INSURANE COMPANY,

     Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

     PLEASE TAKE NOTICE that the undersigned attorneys, Joanna N. Pino, Esq. and Eric M. Fresco, Esq., hereby file their Notice of Appearance as counsel for STATE FARM MUTUAL AUTOMOBILE INSURANE COMPANY pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A) and Florida Rules of Civil Procedure 1.080, hereby file their designation of primary and secondary e-mail addresses and request that all documents filed and/or served in this matter be served at the primary and secondary email addresses listed below, in accordance with Fla. R. Jud. Admin. 2.516(b)(1)(E).


Primary E-Mail Address: efresco@siolilaw.com
Secondary E-Mail Address: StateFarm@siolilaw.com
Third E-Mail Address: jpino@siolilaw.com


CERIFICATE OF SERVICE TO FOLLOW ON NEXT PAGE

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent to all parties referenced in the attached Service List below on this **7th day of July 2023.**

Sɪᴏʟɪ  Aʟᴇxᴀɴᴅᴇʀ ᴘɪɴᴏ
Attorneys for Defendant
9155 S. Dadeland Blvd.
Suite 1600
Miami, Florida 33156
Tel: (305) 428-2470
Fax: (305) 428-2471

By:    /S/ ***Eric M. Fresco***

**JOANNA N. PINO, ESQ.**
Florida Bar No.: 64031
E-mail: jpino@siolilaw.com
**ERIC M. FRESCO, ESQ.**
Florida Bar. No.: 95576
E-mail: efresco@siolilaw.com

## <u>SERVICE LIST</u>

Donna Zmijewski, Esquire
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Email: donna.zmijewski@newlinlaw.com

23-529/JBV/MSO/prl

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
                Plaintiff,
vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
                Defendants.
_____/

## NOTICE OF HEARING

**TO:    All counsel of record**

**YOU ARE HEREBY NOTIFIED** that the undersigned shall call up for hearing before

the Judges of the above-styled Court listed below, at the time, place and location listed below:

| | |
|---|---|
| **MOTION**: | **Defendants Kenneth Roark and Phoenix Medical Products, Inc.'s Motion to Compel Better Responses to Request for Admissions from Plaintiffs, Bradley Tollas and Marie Tollas and Incorporated Motion for Attorney Fees and Costs** |
| **DATE**: | **May 15, 2024** |
| **TIME**: | **2:00 p.m. eastern time (30 minutes have been reserved)** |
| **LOCATION**: | **VIA ZOOM** |

Join Zoom Meeting
https://zoom.us/j/95584484239

Meeting ID: 955 8448 4239
---
One tap mobile
+17866351003,,95584484239# US (Miami)
+16465189805,,95584484239# US (New York)

**JUDGE:**                 **The Honorable Virginia B. Norton**

Movant counsel certifies that prior to *setting* this matter for hearing, a bona fide effort to

resolve or narrow the issues drawn by this motion has been made with opposing counsel.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Joanna Pino, Esq. and Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, FL 33156, via the Court's E-Filing Portal on the 16th day of November, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
***Attorneys for Roark/Phoenix Med***


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

STYLE:         Tollas. v. Roark/Phoenix Med
CASE NO.:      16-2023-CA-006683 CV-D
OUR FILE NO.:  23-529


## COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:      407/203-6580
FAX:        321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com;

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:      305/428-2470
FAX:        305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:      561/688-6560
FAX:        561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO.: 162023CA006683XXXXMA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff, BRADLEY TOLLAS, by and through the undersigned counsel, hereby serves answers to the Interrogatories propounded by Defendant, PHOENIX MEDICAL PRODUCTS, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Benjamin L. Bedard, Esq.** and **Jason B. Vrbensky, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL 33409. [bbedard@rrbpa.com; jvrbensky@rrbpa.com; lsmith@rrbpa.com; service_BLB@rrbpa.com].

*/s/ Gregory Jackson, Esquire*
Gregory Jackson, Esquire
Florida Bar No.: 503126
Direct: (407) 845-1848
Fax: (321) 710-1375
Noah Rosenbaum, Esquire

Florida Bar No.: 1039675
Direct: (407) 845-1848
Fax: (321) 710-0028
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Gregory.Jackson@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com
Shequita.Black@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO.:  162023CA006683XXXXMA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S INTERROGATORIES

      Plaintiff, MARIE TOLLAS, by and through the undersigned counsel, hereby serves answers to the Interrogatories propounded by Defendant, PHOENIX MEDICAL PRODUCTS, INC.

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on this 29th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Benjamin L. Bedard, Esq.** and **Jason B. Vrbensky, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL 33409. [bbedard@rrbpa.com; jvrbensky@rrbpa.com; lsmith@rrbpa.com; service_BLB@rrbpa.com].

                                           */s/ Gregory Jackson, Esquire*
                                           Gregory Jackson, Esquire
                                           Florida Bar No.: 503126
                                           Direct: (407) 845-1848
                                           Fax: (321) 710-1375
                                           Noah Rosenbaum, Esquire

Florida Bar No.: 1039675
Direct: (407) 845-1848
Fax: (321) 710-0028
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Gregory.Jackson@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com
Shequita.Black@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 105 of 222 PageID
105

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO:  2023CA006683XXXXMA

      Plaintiffs,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFFS' NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, KENNETH ROARK

    The Plaintiff, BRADLEY TOLLAS, by and through the undersigned attorney, propounds upon Defendant, KENNETH ROARK, the Interrogatories numbered 1 through 27 to be answered under oath in writing, within forty five (45) days from the date of service hereof in accordance with the Rule 1.340, Florida Rules of Civil Procedure.

    I HEREBY CERTIFY THAT a copy of the foregoing has been served upon the above-named Defendant the same date of service as that of the Summons and Complaint.

*/s/ Donna S. Zmijewski*_____
Donna S. Zmijewski, Esquire
Florida Bar No.: 0573310
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (321)684-6871
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

## GENERAL PERSONAL INJURY NEGLIGENCE INTERROGATORIES TO DEFENDANT, KENNETH ROARK(DRIVER)

**PLEASE INSERT YOUR ANSWERS IN THE SPACE PROVIDED BELOW EACH INTERROGATORY. SHOULD ADDITIONAL SPACE BE NEEDED, PLEASE ATTACH AN EXTRA SHEET. "YOU" AND "YOUR" REFER TO THE DEFENDANT TO WHOM THESE INTERROGATORIES ARE DIRECTED. DEFENDANT INCLUDES ALL AGENTS, SERVANTS, OR EMPLOYEES OF THE DEFENDANT. IF ANSWERING FOR ANOTHER PERSON OR ENTITY, ANSWER WITH RESPECT TO THAT PERSON OR ENTITY, UNLESS OTHERWISE STATED.**

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, and your date of birth.

3.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction,

4. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5. Describe in detail how the incident described in the Complaint happened, including all actions taken by the you to prevent the incident:

6. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7. State the facts upon which you rely for each affirmative defense in your Answer.

8. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.     Were you charged with any violation of law (including any regulations or ordnances) arising out of the incident described in the Complaint?  If so, what was the nature of the charge; what plea or answer, if any, was entered to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name mad address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony.

10.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.    State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.    Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications s an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14.    Have you made an agreement with anyone that would limit that party's liability to anyone or any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

15.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit ether than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.    Do you wear glasses, contact lenses, or hearing aids?

17.    Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint?  If so, what was the nature of the infirmity, disability, or sickness?

18.   Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the Complaint.  If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them:

19.   Did any mechanical defect in your motor vehicle contribute to the incident?  If so, describe the nature of the defect and how it contributed to the incident.

20.   List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest, or right to control, the motor vehicle that you were driving at time of the incident described in the Complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.

21.   At the time of the incident described in the Complaint, did you have permission to drive the vehicle?  If so, state the names and addresses of all persons who have such permission.

22.    At the time of the incident described in the Complaint, were you engaged in any mission or activity for any other person or entity, including any employer?  If so, state the name and address of that person or entity and the nature of the mission or activity.

23.    Was the motor vehicle that you were driving at the time of the incident described in the Complaint damaged in the accident, and if so, what was the cost to repair the damage?

24.    At the time of this incident, please explain or identify:

    a.    What were you doing?

    b.    Where were you going?

    c.    The purpose for your travel?

    d.    Your employer, including name, address, phone number, duration and terms of employment relationship?

25.    List the names, titles and addresses of all persons who have provided information, aid or assistance in answering any issues addressed in these interrogatory questions, and give a brief summary of the information or assistance rendered by that person(s).

26.    Describe in complete detail the appearance of the Plaintiff immediately after the Plaintiff's alleged occurrence, including any obvious injuries, the emotional state of the Plaintiff, and whether the Plaintiff appeared in pain or otherwise.

27.    Provide the name, address and account number of all mobile phone accounts that you had at the time of the subject loss.

**SIGNATURE PAGE**

STATE OF _____

COUNTY OF _____

Before me the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared KENNETH ROARK who after being duly sworn, deposes and says: That the answers to the above and foregoing Interrogatories are true and correct to the best of _____ knowledge and belief.

_____
Signature of KENNETH ROARK

SWORN TO AND SUBSCRIBED before me this _____ day of _____ 2023.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

☐ Personally Known OR

☐ Produced Identification

☐ Type of Identification Produced

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO: 2023CA006683XXXXMA

      Plaintiffs,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, HOENIX MEDICAL PRODUCTS, INC.

The Plaintiff, BRADLEY TOLLAS, by and through their undersigned attorneys, propounds upon Defendant, HOENIX MEDICAL PRODUCTS, INC., Interrogatories numbered 1 through 25 to be answered under oath in writing, within forty five (45) days from the date of service hereof in accordance with the Rule 1.340, Florida Rules of Civil Procedure.

I HEREBY CERTIFY THAT a copy of the foregoing has been served upon the above-named Defendant, HOENIX MEDICAL PRODUCTS, INC., the same date of service as that of the Summons and Complaint.

*/s/ Donna Zmijewski*_____
Donna Zmijewski, Esquire
Florida Bar No.: 0573310
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (407)203-6580
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

## PERSONAL INJURY NEGLIGENCE INTERROGATORIES TO DEFENDANT, HOENIX MEDICAL PRODUCTS, INC.

**PLEASE INSERT YOUR ANSWERS IN THE SPACE PROVIDED BELOW EACH INTERROGATORY. SHOULD ADDITIONAL SPACE BE NEEDED, PLEASE ATTACH AN EXTRA SHEET. "YOU" AND "YOUR" REFER TO THE DEFENDANT TO WHOM THESE INTERROGATORIES ARE DIRECTED. DEFENDANT INCLUDES ALL AGENTS, SERVANTS, OR EMPLOYEES OF THE DEFENDANT. IF ANSWERING FOR ANOTHER PERSON OR ENTITY, ANSWER WITH RESPECT TO THAT PERSON OR ENTITY, UNLESS OTHERWISE STATED.**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. List all former names and when you were known by those names. State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, and your date of birth.

3. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

4. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiffs' Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5. Describe in detail how the incident described in the Complaint happened, including all actions taken by KENNETH ROARK to prevent the incident.

6. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

7. State the facts upon which you rely for each affirmative defense in your Answer.

8. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9. Was KENNETH ROARK charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, was entered to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony.

10. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

11. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16. Does KENNETH ROARK wear glasses, contact lenses, or hearing aids?

17. Was the driver suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability, or sickness?

18. Did KENNETH ROARK consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where KENNETH ROARK consumed them.

19. Did any mechanical defect in your motor vehicle contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

20. List the name and address of all persons, corporations, or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that KENNETH ROARK was driving at the time of the incident described in the Complaint; and describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year, and vehicle identification number.

21. At the time of the incident described in the Complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle? If so, state the names and addresses of all persons who have such permission.

22. At the time of the incident described in the Complaint, was KENNETH ROARK engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

23. Was the motor vehicle that KENNETH ROARK was driving at the time of the incident described in the Complaint damaged in the accident, and, if so, what was the cost to repair the damage?

24. At the time of this incident, please explain or identify:

   a.   What was KENNETH ROARK doing?

   b. Where was KENNETH ROARK going?

   c. The purpose for KENNETH ROARK's travel?

   d. His/her employer, including name, address, phone number, duration and terms of employment relationship?

25. List the names, titles and addresses of all persons who have provided information, aid or assistance in answering any issues addressed in these interrogatory questions, and give a brief summary of the information or assistance rendered by that person(s).

26.  A copy of the employment file for KENNETH ROARK – including but not limited to any driver records for KENNETH ROARK and any prior or subsequent car accidents which KENNETH ROARK was involved.

## **SIGNATURE PAGE**

STATE OF _____

COUNTY OF _____

Before me the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being duly sworn, deposes and says: That the answers to the above and foregoing Interrogatories are true and correct to the best of _____ knowledge and belief.

_____
Signature of Agent/Representative of
HOENIX MEDICAL PRODUCTS, INC.

SWORN TO AND SUBSCRIBED before me this _____day of _____, 2023.

_____
Notary Public (signature)
Notary Public (type, print stamp commission)
My Commission Expires:
_ Personally Known OR
_ Produced Identification
_ Type of Identification Produced:

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,

     Plaintiffs,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

     Defendants.

_____/

CASE NO:  2023CA006683XXXXMA

## PLAINTIFFS' NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff, BRADLEY TOLLAS, pursuant to Rule 1.340(e) of the Florida Rules of Civil

Procedure, hereby files Notice of Service of the original and one (1) copy of a set of

Interrogatories numbered 1 through 16 to be answered under oath and in writing, within forty-

five (45) days from the date of service hereof.

I HEREBY CERTIFY that I have furnished a true and correct copy of the foregoing by

service of process contemporaneously with the Complaint in this matter.

*/s/ Donna S. Zmijewski*_____
Donna S. Zmijewski, Esquire
Florida Bar No.: 0573310
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (321)684-6871
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

## INTERROGATORIES TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in DUVAL County, and whether your name as it appears in the Complaint is correct.

3.      List the names, addresses and telephone numbers of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised in this lawsuit; and specify the subject matter about which the witnesses have knowledge. State whether you have obtained any statements (oral, written or recorded) from any of these witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken and who has present possession, custody and control of any such statements.

4.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

5.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

6.      State whether any insurance agreement or agreements exist under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement. If so,

a. What is name of each company who has issued any such policy;

b. The limits of liability for injury to any one person under the terms of each such policies;

c. The limits of liability for injury to more than one person under the terms of each policies;

d. Whether any such insurer has notified you that it claims the policy provisions have been violated or the policy is otherwise inapplicable to circumstances of this case, and if so, the date of such notification and the reason given by such insurer for such a claim;

e. The name/address of person now having custody of a copy of each of such insurance policies.

7.      Please state the period of time for which the Plaintiff had been insured by any contract of insurance issued by your company.

8.      Please state the yearly premiums paid for each contract of insurance purchased by the Plaintiff during the entire time that each contract was or is in force.

9.      Please state each type of insurance contract(s) ever purchased by the Plaintiff from your company.

10.     List the names, residence addresses, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in any way participated in the investigation, adjusting or handling of the claim for benefits involved herein and specify the date and the nature of the participation of each person.

11.     For any and all policy defenses which you reasonably believe are available with regard to Plaintiff's claim in this action, describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses and telephone numbers of each and every person believed or known by you, your agents or attorneys, to have knowledge of the facts which would provide the basis for any such defenses.

12.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

13.     State the facts upon which you rely for each affirmative defense in your answer.

14.     List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf who has had any involvement in the review of the denial or withholding of Plaintiff's uninsured motorist claim and state in what capacity they were involved, the date they were involved and the nature of their involvement.

15.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

16.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**<u>SIGNATURE PAGE</u>**

STATE OF _____

COUNTY OF _____


_____being duly sworn, states that the matters and things contained in the foregoing interrogatory answers are true to the best of _____ knowledge, information and belief.




_____
Agent and/or representative on behalf of Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY




SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2023.




_____
Notary Public (signature)
Notary Public (type, print stamp commission)
My Commission Expires:
_ Personally Known OR
_ Produced Identification
_ Type of Identification Produced

**23-529/lls**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
          Plaintiff,
vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
          Defendants.
_____/

## NOTICE OF DESIGNATION OF EMAIL SERVICE ADDRESS PURSUANT TO RULE 2.516

      Defendants, KENNETH ROARK and PHOENIX MEDICAL PRODUCTS, INC., by and through the undersigned counsel, hereby designates its email service address pursuant to Rule 2.516 as follows:

      Primary:               service_BLB@rrbpa.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been furnished to: Donna Zmijewski, Esq., Karen Wasson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, donna.zmijewski@newlinlaw.com; karen.wasson@newlinlaw.com; noah.rosenbaum@newlinlaw.com; by delivery via the Court's E-Filing Portal on 2nd day of June, 2023.

                 ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
                 470 Columbia Drive, Bldg. C101
                 West Palm Beach, FL   33409
                 Phone: 561/688-6560     Fax: 561/688-2343
                 Service Email: service_blb@rrbpa.com
                 Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
                 Attorneys for Roark/Phoenix Med
                 ___/s/  *Benjamin L. Bedard*_____
                 BENJAMIN L. BEDARD
                 Florida Bar No: 983772
                 JASON B. VRBENSKY
                 Florida Bar No.:  014039

**23-529/lls**
IN THE CIRCUIT COURT OF THE 4th JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
             Plaintiff,
vs.

KENNETH ROAR; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
             Defendants.
_____/

## NOTICE OF UNAVAILABILITY

       BENJAMIN L. BEDARD, ESQUIRE, counsel for the Defendants, KENNETH ROARK and

PHOENIX MEDICAL PRODUCTS, INC, and files his Notice of Unavailability and notifies all

counsel that the undersigned will be unavailable during the period of: June 30, 2023 through July

10, 2023; July 27, 2023 through August 7, 2022; September 6, 2023 through September 11, 2023;

December 25, 2023 through December 29, 2023; and requests that no hearings, depositions, trials,

or any other matter with respect to the above-captioned action be scheduled during this period.

## CERTIFICATE OF SERVICE

       I hereby certify that the foregoing document has been furnished to: Donna Zmijewski, Esq.,
Karen Wasson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819,
donna.zmijewski@newlinlaw.com; karen.wasson@newlinlaw.com;
noah.rosenbaum@newlinlaw.com; by delivery via the Court's E-Filing Portal on 2nd day of June,
2023.

                   ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
                   470 Columbia Drive, Bldg. C101
                   West Palm Beach, FL   33409
                   Phone: 561/688-6560     Fax: 561/688-2343
                   Service Email: service_blb@rrbpa.com
                   Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
                   Attorneys for Roark/Phoenix Med
              ___/s/   *Benjamin L. Bedard*_____
                   BENJAMIN L. BEDARD
                   Florida Bar No: 983772
                   JASON B. VRBENSKY
                   Florida Bar No.:   014039

23-529/JBV/DBZ

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

     Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

     Defendants.

_____/

### DEFENDANT, PHOENIX MEDICAL PRODUCTS, INC.,'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, BRADLEY TOLLAS AND MARIE TOLLAS AND MARIE TOLLAS' COMPLAINT

COMES NOW, the Defendant, PHOENIX MEDICAL PRODUCTS, INC.'S, ("PHOENIX"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff, BRADLEY TOLLAS AND MARIE TOLLAS ("Plaintiffs"), Complaint, and states as follows:

### ANSWER

1.    Phoenix admits for jurisdictional purposes only, otherwise the allegations contained in paragraph 1 of Plaintiffs' Complaint is denied.

2.    Phoenix without knowledge as to the allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 08/07/2023 10:10:59 PM

3.      Phoenix is without knowledge as to the allegations contained in paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4.      Phoenix is without knowledge as to the allegations as phrased in paragraph 4 of Plaintiffs' Complaint is denied.

5.      Phoenix is without knowledge as to the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.      Phoenix is without knowledge as to the allegations contained in paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7.      Phoenix admits for jurisdictional purposes only, otherwise the allegations contained in paragraph 7 of Plaintiffs' Complaint is denied.

## COUNT I – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Phoenix realleges and reavers paragraphs 1- 7 as if fully set forth herein and further alleges as follows:

8.-12.   Count I of Plaintiffs' Complaint is not directed towards Phoenix, and therefore, Phoenix is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count I be construed against Phoenix, then Phoenix denies Paragraphs eight (8) through twelve (12), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Phoenix, costs and such other relief as this Court deems proper.

## COUNT II – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

13.      Roark adopts and realleges paragraphs 1 through 12 as fully set forth herein.

14.     Phoenix is without knowledge as to the allegations contained in paragraph 14 of Plaintiffs' Complaint, and therefore denies the same.

15.     Phoenix denies the allegations contained in paragraph 15, including subparagraphs (a) through (f), of Plaintiffs' Complaint.

16.     Phoenix denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Phoenix, costs and such other relief as this Court deems proper.

### COUNT III – PLAINTIFF BRADLEY TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Phoenix realleges and reavers paragraphs 1- 12 as if fully set forth herein and further alleges as follows:

17.-25. Count III of Plaintiffs' Complaint is not directed towards Phoenix, and therefore, Phoenix is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count III be construed against Phoenix, then Phoenix denies Paragraphs seventeen (17) through twenty-five (25), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Phoenix, costs and such other relief as this Court deems proper.

### COUNT IV – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Phoenix realleges and reavers paragraphs 1- 7 as if fully set forth herein and further alleges as follows:

26.-30. Count IV of Plaintiffs' Complaint is not directed towards Phoenix, and therefore, Phoenix is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count IV be construed against Phoenix, then Phoenix denies Paragraphs twenty-six (26) through thirty (30), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Phoenix, costs and such other relief as this Court deems proper.

## COUNT V – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

31.      Phoenix adopts and realleges Paragraphs 1 through 12 as fully set forth herein.

32.      Phoenix is without knowledge as to the allegations contained in paragraph 32 of Plaintiffs' Complaint, and therefore denies the same.

33.      Phoenix denies the allegations contained in paragraph 33, including subparagraphs (a) through (f), of Plaintiffs' Complaint.

34.      Phoenix denies the allegations contained in paragraph 34 of Plaintiffs' Complaint

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Phoenix, costs and such other relief as this Court deems proper.

## COUNT VI – PLAINTIFF MARIE TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Phoenix realleges and reavers paragraphs 1- 12 as if fully set forth herein and further alleges as follows:

35.-43. Count VI of Plaintiffs' Complaint is not directed towards Phoenix, and therefore, Phoenix is under no obligation to respond to the allegations contained within same.  Nevertheless,

should any of the allegations of Count VI be construed against Phoenix, then Phoenix denies Paragraphs thirty-five (35) through forty-three (43), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Phoenix, costs and such other relief as this Court deems proper.

## **AFFIRMATIVE DEFENSES**

44.    Phoenix denies each and every allegation not specifically admitted, contained in each and every paragraph of the Plaintiffs' Complaint, and demands strict proof thereof.

45.    Phoenix alleges that Plaintiffs fail to state a cause of action upon which relief may be granted.

46.    Phoenix alleges that Plaintiffs were negligent, which was the sole or contributing legal cause of Plaintiffs' damages.

47.    Phoenix alleges that Plaintiffs failed to wear their seatbelts, and that was the legal cause of the Plaintiffs' damages.

48.    Phoenix alleges that Plaintiffs' damages or the cause of such damages, if any, were not reasonably foreseeable by Phoenix.

49.    Phoenix alleges that he is entitled to a set-off for all collateral source benefits paid or payable.

50.    Phoenix alleges that Plaintiffs failed to mitigate their damages.

51.    Phoenix alleges that the incident which gives rise to this action was the result of the negligence of known and/or unknown third parties, who were the sole or contributing cause of the Plaintiffs' alleged injuries/damages.  Phoenix is entitled to have the damage apportioned among

these third parties and included on the verdict form pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). If Plaintiff shall settle with any such parties prior to trial, Phoenix reserves the right to add any and all such parties to the verdict form pursuant to the *Fabre* decision.

52.    Phoenix asserts that the identity of any such additional third-party or parties is presently unknown to Phoenix but will be designated as soon as sufficient information is available to it. Nonetheless, Phoenix gives notice of its intent to assert the liability, negligence of fault of a non-party and to request an apportionment by the jury of the non-party's liability, negligence, and faults pursuant to the applicable statutory and case law.

53.    Phoenix asserts that the incident in this case falls under the provisions of Florida Statutes, Chapter 768, which specifically addresses, but is not limited to, joint and several liability and non-duplication of collateral source benefits. Phoenix affirmatively pleads all of the defenses and rights available to it under said Chapter. Additionally, Phoenix asserts that joint and several liability has been abolished in Florida as of April 26, 2006, and Phoenix affirmatively pleads all rights available to it under the applicable law set for in Chapter 768.

54.    Phoenix alleges that judgment shall only be entered on the basis of each party's percentage of fault, not on the basis of joint and several liability pursuant to Florida Statutes § 768.81. Additionally, Phoenix alleges that Plaintiffs were more than fifty percent at fault for their own harm and therefore, may not recover any damages from Phoenix.

55.    Phoenix alleges that the Plaintiffs have not exceeded the threshold requirements of Florida Statutes relating to motor vehicle accidents, and thus, Plaintiffs' damages, if any, are limited in accordance with Florida Law.

56.    Phoenix affirmatively alleges that he is entitled to all of the benefits, defenses and protections of the HB 837.

57.    Phoenix affirmatively alleges that he is entitled to all of the benefits, defenses and protections under Florida State 768.0427 regarding letters of protection and evidence offered to prove the amount of damages for past or future medical treatment or services.

58.    Phoenix gives notice that it intends to rely upon other such affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend this answer and assert any such defense.

WHEREFORE, the Defendant, PHOENIX MEDICAL PRODUCTS, INC.,, having answered and affirmatively defended against Plaintiffs, BRADLEY TOLLAS AND MARIE TOLLAS Complaint, hereby demands judgment in its favor against Plaintiffs, along with an award of all applicable costs and any and all such relief that the Honorable Court deems appropriate. Further, PHOENIX MEDICAL PRODUCTS, INC., demands a trial by jury in the matter.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                           Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl 33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 7th day of August, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

STYLE:          Tollas. v. Roark/Phoenix Med
CASE NO.:       16-2023-CA-006683 CV-D
OUR FILE NO.:   23-529


COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:       407/203-6580
FAX:         321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com;
Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com;
jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:       305/428-2470
FAX:         305/428-2471
EMAIL:  efresco@siolilaw.com;
statefarm@siolilaw.com;
jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:       561/688-6560
FAX:         561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 136 of 222 PageID 136

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN
AND FOR DUVAL COUNTY, FLORIDA

CASE NO: 162023CA006683XXXXMA

BRADLEY TOLLAS and MARIE TOLLAS,

     Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

     Defendants.

_____/

### PLAINTIFF'S NOTICE OF APPEARANCE OF ATTORNEY AND SUBSTITUTION OF LEAD ATTORNEY AND EMAIL DESIGNATION

The Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS, by and through their undersigned counsel, hereby give Notice to the Court and Defendant of the following:

1.    Undersigned attorney is appearing on behalf of the Plaintiff for the above-styled action and is substituting for DONNA ZMIJEWSKI, ESQUIRE, as lead attorney for this matter.

2.    Please direct any and all future pleadings, motions, notices, correspondences and/or documents or papers of any nature to the undersigned GREGORY JACKSON, ESQUIRE, and please remove DONNA ZMIJEWSKI, ESQUIRE as recipient of same.

3.    Pursuant to F.R.J.A. 2.516, undersigned counsel designates the following E-mail addresses for service by electronic email:

        **SERVICE EMAIL ONLY**: Jackson.Pleadings@newlinlaw.com
        Primary:     Gregory.Jackson@newlinlaw.com
        Secondary:   Shequita.Black@newlinlaw.com
        Secondary:   Jenifer.Acuna@newlinlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th  day of July 2023, I electronically filed the foregoing with the Clerk of Courts using the Florida Courts E-Filing Portal system.

<u>*/s/ Gregory Jackson, Esquire*</u>
Gregory Jackson, Esquire
Florida Bar No.: 0503126
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407) 845-1848
Fax: (321) 710-1375
Gregory.Jackson@newlinlaw.com
Shequita.Black@newlinlaw.com
Jenifer.Acuna@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 138 of 222 PageID 138

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO.:  16-2023-CA-006683 CV-D

      Plaintiffs,

v.

KENNETH ROARK, PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

COMES NOW Plaintiffs, BRADLEY TOLLAS and MARIE TOLLAS, by and through the undersigned attorney, and in accordance with Florida Rule of Civil Procedure 1.370, files this response to Request for Admissions filed herein by Defendants, KENNETH ROARK and PHOENIX MEDICAL PRODUCTS, INC., as follows:

1. Admit that Plaintiff, Bradley Tollas, is seeking damages in excess of $75,000.00.

   **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

2. Admit that Plaintiff, Bradley Tollas, is seeking damages in an amount less than $75,000.00.

   **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

3. Admit that Plaintiff, Marie Tollas, is seeking damages in excess of $75,000.00.

   **RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

4. Admit that Plaintiff, Marie Tollas, is seeking damages in an amount less than $75,000.00.

**RESPONSE: Denied as phrased. Plaintiff's damages are in excess of the $50,000.00 jurisdictional limit.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of September, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Jason B. Vrbensky, Esq.** and **Benjamin L. Bedard, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL 33409. [bbedard@rrbpa.com; jvrbensky@rrbpa.com; lsmith@rrbpa.com].

*/s/ Gregory Jackson, Esquire*
Gregory Jackson, Esquire
Florida Bar No.: 0503126
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407) 845-1848
Fax: (321) 710-1375
Gregory.Jackson@newlinlaw.com
Shequita.Black@newlinlaw.com
Jenifer.Acuna@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

23-529/JBV/MSO/tlc

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
        Plaintiff,
vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
        Defendants.
_____/

**<u>DEFENDANTS', KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC.,
REQUEST FOR ADMISSIONS TO PLAINTIFFS, BRADLEY TOLLAS AND MARIE
TOLLAS</u>**

      COMES NOW, Defendants, KENNETH ROARK and PHOENIX MEDICAL

PRODUCTS, INC. (collectively "Defendants"), by and through the undersigned counsel, pursuant

to the Florida Rules of Civil Procedure, hereby requests that Plaintiffs, BRADLEY TOLLAS and

MARIE TOLLAS (collectively "Plaintiffs"), either admit or deny the following allegations within

thirty (30) days from the date hereof:

1.      Admit that Plaintiff, Bradley Tollas, is seeking damages in excess of $75,000.00.

**<u>RESPONSE:</u>**

2.      Admit that Plaintiff, Bradley Tollas, is seeking damages in an amount less than $75,000.00.

**<u>RESPONSE:</u>**

Page **1** of **3**

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 08/08/2023 02:45:54 PM

3.       Admit that Plaintiff, Marie Tollas, is seeking damages in excess of $75,000.00.

**RESPONSE:**

4.       Admit that Plaintiff, Marie Tollas, is seeking damages in an amount less than $75,000.00.

**RESPONSE:**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                    Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl 33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on the 8th day of August, 2023.

> ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
> 470 Columbia Drive, Bldg. C101
> West Palm Beach, FL  33409
> Phone: 561/688-6560    Fax: 561/688-2343
> Service Email: service_blb@rrbpa.com
> Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
> Attorneys for Roark/Phoenix Med
>
> **_/s/ Jason B. Vrbensky_**
> BENJAMIN L. BEDARD
> Florida Bar No: 983772
> JASON B. VRBENSKY
> Florida Bar No.:  014039

STYLE:              Tollas. v. Roark/Phoenix Med
CASE NO.:           16-2023-CA-006683 CV-D
OUR FILE NO.:       23-529

### COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:        407/203-6580
FAX:          321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:        305/428-2470
FAX:          305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:        561/688-6560
FAX:          561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

**23-529/JBV/lam**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

     Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

     Defendants.

_____/

### <u>DEFENDANT, KENNETH ROARK'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, BRADLEY TOLLAS AND MARIE TOLLAS AND MARIE TOLLAS' COMPLAINT</u>

     COMES NOW, the Defendant, KENNETH ROARK'S, ("Roark"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff, BRADLEY TOLLAS AND MARIE TOLLAS ("Plaintiffs"), Complaint, and states as follows:

### <u>ANSWER</u>

     1.    Roark admits for jurisdictional purposes only, otherwise the allegations contained in paragraph 1 of Plaintiffs' Complaint is denied.

     2.    Roark is without knowledge as to the allegations contained in paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

     3.    Roark is without knowledge as to the allegations contained in paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 08/07/2023 10:10:59 PM

4.      Roark is without knowledge as to the allegations as phrased in paragraph 4 of Plaintiffs' Complaint is denied.

5.      Roark is without knowledge as to the allegations contained in paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.      Roark is without knowledge as to the allegations contained in paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7.      Roark admits for jurisdictional purposes only, otherwise the allegations contained in paragraph 7 of Plaintiffs' Complaint is denied.

## COUNT I – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Roark realleges and reavers paragraphs 1- 7 as if fully set forth herein and further alleges as follows:

8.      Roark denies the allegations as phrased in paragraph 8 of Plaintiffs' Complaint.

9.      Roark denies the allegations as phrased in paragraph 9 of Plaintiffs' Complaint.

10.     Roark denies the allegations as phrased in paragraph 10 of Plaintiffs' Complaint.

11.     Roark denies the allegations in paragraph 11 of Plaintiffs' Complaint.

12.     Roark denies the allegations in paragraph 12 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## COUNT II – PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

13.     Roark adopts and realleges paragraphs 1 through 12 as fully set forth herein.

14.-16. Count II of Plaintiffs' Complaint is not directed towards Roark, and therefore,

Roark is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count II be construed against Roark, then Roark denies Paragraphs fourteen (14) through sixteen (16), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

<u>**COUNT III – PLAINTIFF BRADLEY TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY**</u>

Roark realleges and reavers paragraphs 1- 12 as if fully set forth herein and further alleges as follows:

17.-25. Count III of Plaintiffs' Complaint is not directed towards Roark, and therefore, Roark is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count III be construed against Roark, then Roark denies Paragraphs seventeen (17) through twenty-five (25), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

<u>**COUNT IV – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK**</u>

Roark realleges and reavers paragraphs 1- 7 as if fully set forth herein and further alleges as follows:

26.    Roark denies the allegations as phrased in paragraph 26 of Plaintiffs' Complaint.

27.    Roark denies the allegations as phrased in paragraph 27 of Plaintiffs' Complaint.

28.     Roark denies the allegations as phrased in paragraph 28 of Plaintiffs' Complaint.

29.     Roark denies the allegations in paragraph 29 of Plaintiffs' Complaint.

30.     Roark denies the allegations in paragraph 30 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## COUNT V – PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

31.     Roark adopts and realleges Paragraphs 1 through 12 as fully set forth herein.

32.-34. Count V of Plaintiffs' Complaint is not directed towards Roark, and therefore, Roark is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count V be construed against Roark, then Roark denies Paragraphs thirty-two (32) through thirty-four (34), including all subparts, of Plaintiffs' Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## COUNT VI – PLAINTIFF MARIE TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM AUTOMOBILE INSURANCE COMPANY

Roark realleges and reavers paragraphs 1- 12 as if fully set forth herein and further alleges as follows:

35.-43. Count VI of Plaintiffs' Complaint is not directed towards Roark, and therefore, Roark is under no obligation to respond to the allegations contained within same.  Nevertheless, should any of the allegations of Count VI be construed against Roark, then Roark denies Paragraphs thirty-five (35) through forty-three (43), including all subparts, of Plaintiffs'

Complaint.

WHEREFORE, the Defendant, KENNETH ROARK, respectfully requests this Court to enter an order dismissing Plaintiffs' Complaint, with prejudice, and awarding Roark, costs and such other relief as this Court deems proper.

## **AFFIRMATIVE DEFENSES**

44.    Roark denies each and every allegation not specifically admitted, contained in each and every paragraph of the Plaintiffs' Complaint, and demands strict proof thereof.

45.    Roark alleges that Plaintiffs fail to state a cause of action upon which relief may be granted.

46.    Roark alleges that Plaintiffs were negligent, which was the sole or contributing legal cause of Plaintiffs' damages.

47.    Roark alleges that Plaintiffs failed to wear their seatbelts, and that was the legal cause of the Plaintiffs' damages.

48.    Roark alleges that Plaintiffs' damages or the cause of such damages, if any, were not reasonably foreseeable by Roark.

49.    Roark alleges that he is entitled to a set-off for all collateral source benefits paid or payable.

50.    Roark alleges that Plaintiffs failed to mitigate their damages.

51.    Roark alleges that the incident which gives rise to this action was the result of the negligence of known and/or unknown third parties, who were the sole or contributing cause of the Plaintiffs' alleged injuries/damages.  Roark is entitled to have the damage apportioned among these third parties and included on the verdict form pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).  If Plaintiff shall settle with any such parties prior to trial, Roark reserves the right to

add any and all such parties to the verdict form pursuant to the *Fabre* decision.

52.     Roark asserts that the identity of any such additional third-party or parties is presently unknown to Roark but will be designated as soon as sufficient information is available to it.  Nonetheless, Roark gives notice of its intent to assert the liability, negligence of fault of a non-party and to request an apportionment by the jury of the non-party's liability, negligence, and faults pursuant to the applicable statutory and case law.

53.     Roark asserts that the incident in this case falls under the provisions of Florida Statutes, Chapter 768, which specifically addresses, but is not limited to, joint and several liability and non-duplication of collateral source benefits.  Roark affirmatively pleads all of the defenses and rights available to it under said Chapter.  Additionally, Roark asserts that joint and several liability has been abolished in Florida as of April 26, 2006, and Roark affirmatively pleads all rights available to it under the applicable law set for in Chapter 768.

54.     Roark alleges that judgment shall only be entered on the basis of each party's percentage of fault, not on the basis of joint and several liability pursuant to Florida Statutes § 768.81. Additionally, Roark alleges that Plaintiffs were more than fifty percent at fault for their own harm and therefore, may not recover any damages from Roark.

55.     Roark alleges that the Plaintiffs have not exceeded the threshold requirements of Florida Statutes relating to motor vehicle accidents, and thus, Plaintiffs' damages, if any, are limited in accordance with Florida Law.

56.     Roark affirmatively alleges that he is entitled to all of the benefits, defenses and protections of the HB 837.

57.     Roark affirmatively alleges that he is entitled to all of the benefits, defenses and protections under Florida State 768.0427 regarding letters of protection and evidence offered to

prove the amount of damages for past or future medical treatment or services.

58.    Roark gives notice that it intends to rely upon other such affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend this answer and assert any such defense.

WHEREFORE, the Defendant, KENNETH ROARK, having answered and affirmatively defended against Plaintiffs, BRADLEY TOLLAS AND MARIE TOLLAS Complaint, hereby demands judgment in its favor against Plaintiffs, along with an award of all applicable costs and any and all such relief that the Honorable Court deems appropriate.  Further, KENNETH ROARK, demands a trial by jury in the matter.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                    Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl  33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 7th day of August, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med

*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

Page **7** of **8**

STYLE:          Tollas. v. Roark/Phoenix Med
CASE NO.:      16-2023-CA-006683 CV-D
OUR FILE NO.:   23-529

COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:     407/203-6580
FAX:        321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com;
Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com;
jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:     305/428-2470
FAX:        305/428-2471
EMAIL:  efresco@siolilaw.com;
statefarm@siolilaw.com;
jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:     561/688-6560
FAX:        561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

**23-529/JBV/lam**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
          Plaintiff,
vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
          Defendants.

_____/

## DEFENDANT'S, PHOENIX MEDICAL PRODUCTS, INC.'S, NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF, BRADLEY TOLLAS

      COMES NOW, Defendant, PHOENIX MEDICAL PRODUCTS, INC., pursuant to *Fla. R. Civ. P. 1.340*, by and through the undersigned attorneys, propounds the attached Interrogatories to the Plaintiff, BRADLEY TOLLAS, requesting and requiring said Plaintiff to answer same under oath, in writing, within the time and manner prescribed by law.  The undersigned hereby gives notice that the Interrogatories were served upon counsel for the Plaintiff and were directed to the Plaintiff and copies have been provided to all parties on the attached counsel list.

*(Certificate of Service on proceeding page)*

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 09/14/2023 04:37:31 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                     Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl  33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 13th day of September, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: <u>service_blb@rrbpa.com</u>
Email: <u>bbedard@rrbpa.com</u> ; <u>jvrbensky@rrbpa.com</u>;
Attorneys for Roark/Phoenix Med


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

STYLE:              Tollas. v. Roark/Phoenix Med
CASE NO.:           16-2023-CA-006683 CV-D


COUNSEL LIST
GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:       407/203-6580
FAX:         321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com

***********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:       305/428-2470
FAX:         305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:       561/688-6560
FAX:         561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

**23-529/JBV/lam**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,
              Plaintiff,
vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
              Defendants.

_____/

## DEFENDANT'S, PHOENIX MEDICAL PRODUCTS, INC.'S, NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF, MARIE TOLLAS

COMES NOW, Defendant, PHOENIX MEDICAL PRODUCTS, INC., pursuant to *Fla. R. Civ. P. 1.340*, by and through the undersigned attorneys, propounds the attached Interrogatories to the Plaintiff, MARIE TOLLAS, requesting and requiring said Plaintiff to answer same under oath, in writing, within the time and manner prescribed by law. The undersigned hereby gives notice that the Interrogatories were served upon counsel for the Plaintiff and were directed to the Plaintiff and copies have been provided to all parties on the attached counsel list.

*(Certificate of Service on proceeding page)*

Page **1** of **3**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl 33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 13th day of September, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL 33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med

*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.: 014039

STYLE:          Tollas. v. Roark/Phoenix Med
CASE NO.:       16-2023-CA-006683 CV-D


COUNSEL LIST
GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:       407/203-6580
FAX:           321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:       305/428-2470
FAX:           305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:       561/688-6560
FAX:           561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,      CASE NO:  2023CA006683XXXXMA

     Plaintiffs,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

     Defendants.

_____/

### PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT, HOENIX MEDICAL PRODUCTS, INC.

Pursuant to the provisions of Rule 1.350, Florida Rules of Civil Procedure, the undersigned counsel requests that the Defendant, HOENIX MEDICAL PRODUCTS, INC., produce and permit the inspection, copying, testing, sampling, measuring, surveying, photographing or otherwise examining the following:

1. All statements made by any occupants of the vehicles involved in the subject incident.

2. All statements made by any witnesses to the subject accident.

3. All statements made by the Plaintiffs pertaining to or concerning the subject matter.

4. All photographs of the vehicles involved in the subject accident.

5. All photographs of the Plaintiffs depicting injuries received in the subject accident.

6. All photographs of the subject accident scene.

7. Documents relating to or discussing repairs or maintenance to Defendants' vehicle that were done for the six (6) months period of time preceding and including the date of the accident and for the six (6) month period of time following the date of the accident.

8. The repair bill and estimates for the repairs to any of the vehicles involved in the accident for damages incurred in the accident.

9. Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

10. Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

11. Appraisals of the property damage sustained by Plaintiff's vehicle in the subject accident.

12. A copy of any and all surveillance films, photos, or depictions taken of the Plaintiffs as a result of the subject accident.

13. A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

14. Copies of any and all computer generated documents in the possession of the Defendants or any agent, servant and/or employee of the Defendants, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiffs in this lawsuit.

15. Copies of any and all checks issued by the Defendants or any agent, servant and/or employee of the Defendants to any other person, firm or company making a claim arising out of the same accident or incident which is the basis of this lawsuit.

16. All payout records for the insurer of the Defendants for benefits paid to or on behalf of Plaintiffs under the personal injury protection and medical payment coverage of the policy.

17.    A copy of the driver's license of the driver involved in the subject accident that existed on the date of the accident as well as the current driver's license.

18)    A copy of the Defendant, KENNETH ROARK 's mobile phone bill depicting all telephone, text and data usage for the billing period for the subject date of loss.

It is requested that the above document be furnished or produced on or before forty-five (45) days from the date of service hereof, to Donna Zmijewski, Esquire at the offices of Dan Newlin Injury Attorneys, 7335 Sand Lake Road, Ste. 300, Orlando, FL 32819.

In support of this Request To Produce, it is shown that the documents and/or materials being here requested are believed to be in the possession, custody or control of the party to whom this request is directed.  The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship.  In the event that all or part of the documents, and/or materials herein requested are not in the possession or control of the above-named Defendant addressee, then the undersigned counsel further request the identity and location all persons having such possession and control.  This request is made in good faith and for the purposes herein expressed.

I HEREBY CERTIFY that a copy hereof has been furnished the Defendant, HOENIX MEDICAL PRODUCTS, INC., along with the Summons and Complaint.

*/s/ Donna Zmijewski*

Donna Zmijewski, Esquire
Florida Bar No.: 0573310
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (407)203-6580
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL PRODUCTS, INC. and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant

_____/

CASE NO.:  162023CA006683XXXXMA

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, BRADLEY TOLLAS, by and through the undersigned counsel, hereby responds to Defendant, PHOENIX MEDICAL PRODUCTS, INC., Request to Produce, as follows:

1. Conformed copies of all income tax returns, with all attached schedules and forms (such as W-2 forms), filed with the Internal Revenue Service for the ten (10) years prior to the date of the incident described in the Complaint and all years subsequent to the date of the incident, together with a record of earnings to date in the current year.

   **RESPONSE: Plaintiff is in the process of obtaining these records.**

2. All bills or statements for medical treatment, medical devices and/or medicines, the cost of which is claimed to have been incurred by you as a result of the injuries sustained in this case.

   **RESPONSE: See attached.**

3. Any and all records and bills of hospitals, including X-rays, in which Plaintiff has been a patient or received treatment allegedly as a result of the injuries sustained in this case by Plaintiff, or written authorization to obtain such records at the cost of the Defendant.

   **RESPONSE: See attached.**

4. A copy of each and every medical bill mailed from any provider directly to the Plaintiff herein.

   **RESPONSE: See attached.**

5. A copy of each and every medical bill mailed and/or delivered to the law offices of Plaintiff's attorney on behalf of Plaintiff.

   **RESPONSE: See attached.**

6. A copy of any and all and each and every piece of correspondence between any medical provider and Plaintiff and/or his attorneys regarding payment of any medical expense allegedly incurred as a result of the incident described in the Complaint.

   **RESPONSE: See attached.**

7. In the event the Plaintiff has filed or intends to rely on medical bill summary pursuant to F.S. 90.956, a copy of all documents that would support the veracity of the medical bill summary.

   **RESPONSE: See attached.**

8. A copy of any and all liens or letters of protection concerning any and all medical bills or medical charges related to the subject incident/accident.

   **RESPONSE: See attached lien.**

9. A copy of any correspondence from any collection agency or the like that represents any medical provider attempting to collect any medical expense incurred by Plaintiff allegedly as a result of the incident described in the Complaint.

   **RESPONSE: None.**

10. Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees, from any doctor, physician, or anyone else who has treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

    **RESPONSE: See attached.**

11. Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees from any doctor, physician, or anyone else who has examined the Plaintiff's physical or mental conditions subsequent to the incident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of Plaintiff at the trial of this case.

**RESPONSE: See attached.**

12. Complete copies of reports prepared by each physician that examined or treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

    **RESPONSE: See attached.**

13. Any and all drawings, graphs, charts, laser color copies of all photographs (actual reprints), digital copies (including all original digital files) of all photographs and videos pertaining to any of the issues described in the Complaint.

    **RESPONSE: See attached.**

14. All statements, recorded or written, obtained by you or your attorneys of the Defendant, taken at the time of or subsequent to the subject incident.

    **RESPONSE: None.**

15. Any and all business records, pay receipts, or other memoranda indicating gross income from self-employment, salary, commissions, bonuses, or other earnings in the past five (5) years.

    **RESPONSE: Plaintiff is in the process of obtaining these documents.**

16. Any and all appraisals, estimates or repair or other written evidence in Plaintiff custody or control which reflects the nature, extent and amount of damage (in money terms) to the Plaintiff's automobile and other personal property alleged to have been damaged by Defendant.

    **RESPONSE: None in Plaintiff's possession.**

17. Copies of any and all insurance policies providing benefits or coverage to you for any claimed injury or damages arising from the subject incident.

    **RESPONSE: See attached.**

18. Copies of any and all documents reflecting whether or not you received any compensation from your own insurance company or from any other insurance company as a result of the subject incident.

    **RESPONSE: See attached PIP Log.**

19. Any and all written or recorded statements taken from parties or witnesses concerning any issue in this lawsuit.

**RESPONSE: None.**

20. Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the injury or damage sustained by Plaintiff, which Plaintiff intends to place into evidence or use at trial.

**RESPONSE: Unknown at this time.**

21. Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the scene of the subject incident or any property damage that allegedly resulted therefrom.

**RESPONSE: See attached.**

22. Copies of any and all documents evidencing the value of all benefits received by Plaintiff on his behalf, by or pursuant to the following sources:

23. United States Social Security Act.

a) Any Federal, State, or Local Income Disability, or any other public program providing medical expenses, disability payments, or other similar benefits.
b) Any health, sickness, or income disability insurance; automobile accident insurance that provides for income disability coverage; and any other similar insurance benefits except life insurance available to Plaintiff, whether purchased by him or provided by others.
c) Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, or other health care services.
d) Any contractual or voluntary wage continuation plan provided by Plaintiff's employers or any other system intended to provide wages during a period of disability.

**RESPONSE: See attached.**

24. All statements which Plaintiff intends to place into evidence or use at trial.

**RESPONSE: Unknown at this time.**

25. Copies of the front and back of any and all insurance cards for insurance providing medical insurance to the Plaintiff for the past ten (10) years to present.

**RESPONSE: See attached.**

26. Copies of any and all notices sent to any and all collateral sources notifying those
collateral sources of Plaintiff's intention to claim damages from Defendant and any and
all statements received by Plaintiff from each and every such collateral source of that
collateral source's assertion of its right of subrogation or reimbursement pursuant to Fla.
Stat. §768.76.

**RESPONSE: See attached.**

27. A copy of any and all correspondence by and between Plaintiff's counsel for (Plaintiff) or
anyone on his behalf regarding any claim of subrogation and/or lien regarding the matter
or medical expense described in the Complaint.

**RESPONSE: See attached lien.**

28. Any and all documents exchanged between you and your automobile insurer regarding
the subject incident.

**RESPONSE: None in Plaintiff's possession.**

29. Any and all non-privileged correspondence, text messages, emails, SMS messages, social
media direct messages, etc. sent and/or received by Plaintiff concerning any of the issues
in this lawsuit.

**RESPONSE: None in Plaintiff's possession.**

30. Copies of any cellular telephone records and bills documenting the Plaintiff's usage of
any cellular telephone on the date of the incident described in the Complaint.

**RESPONSE: None in Plaintiff's possession.**

31. An original signed, fully executed attached Social Security Administration Consent for
Release of Information (SSA-3288 Form).

**RESPONSE: See attached.**

32. An original signed, fully executed attached Request for Social Security Earnings
Information (SSA-7050-F4 Form).

**RESPONSE: See attached.**

33. An original signed, fully executed attached Medicare authorization form.

**RESPONSE: See attached.**

34. An original signed, fully executed attached Medicaid authorization form.

**RESPONSE: See attached.**

35. Copies of the front and back of Plaintiff's driver's license.

**RESPONSE: See attached.**

36. Copies of the front and back of any citations issued to Plaintiff as a result of the incident described in the Complaint.

**RESPONSE: None.**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 29th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Benjamin L. Bedard, Esq.** and **Jason B. Vrbensky, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL 33409. [bbedard@rrbpa.com; jvrbensky@rrbpa.com; lsmith@rrbpa.com; service_BLB@rrbpa.com].

<u>*/s/ Gregory Jackson, Esquire*</u>
Gregory Jackson, Esquire
Florida Bar No.: 503126
Direct: (407) 845-1848
Fax: (321) 710-1375
Noah Rosenbaum, Esquire
Florida Bar No.: 1039675
Direct: (407) 845-1848
Fax: (321) 710-0028
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Gregory.Jackson@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com
Shequita.Black@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO.:  162023CA006683XXXXMA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendant

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, MARIE TOLLAS, by and through the undersigned counsel, hereby responds to

Defendant, PHOENIX MEDICAL PRODUCTS, INC., Request to Produce, as follows:

1. Conformed copies of all income tax returns, with all attached schedules and forms (such as W-2 forms), filed with the Internal Revenue Service for the ten (10) years prior to the date of the incident described in the Complaint and all years subsequent to the date of the incident, together with a record of earnings to date in the current year.

   **RESPONSE: Plaintiff is in the process of obtaining these records.**

2. All bills or statements for medical treatment, medical devices and/or medicines, the cost of which is claimed to have been incurred by you as a result of the injuries sustained in this case.

   **RESPONSE: See attached.**

3. Any and all records and bills of hospitals, including X-rays, in which Plaintiff has been a patient or received treatment allegedly as a result of the injuries sustained in this case by Plaintiff, or written authorization to obtain such records at the cost of the Defendant.

   **RESPONSE: See attached.**

4. A copy of each and every medical bill mailed from any provider directly to the Plaintiff herein.

**RESPONSE: See attached.**

5. A copy of each and every medical bill mailed and/or delivered to the law offices of Plaintiff's attorney on behalf of Plaintiff.

**RESPONSE: See attached.**

6. A copy of any and all and each and every piece of correspondence between any medical provider and Plaintiff and/or his attorneys regarding payment of any medical expense allegedly incurred as a result of the incident described in the Complaint.

**RESPONSE: See attached.**

7. In the event the Plaintiff has filed or intends to rely on medical bill summary pursuant to F.S. 90.956, a copy of all documents that would support the veracity of the medical bill summary.

**RESPONSE: See attached.**

8. A copy of any and all liens or letters of protection concerning any and all medical bills or medical charges related to the subject incident/accident.

**RESPONSE: None.**

9. A copy of any correspondence from any collection agency or the like that represents any medical provider attempting to collect any medical expense incurred by Plaintiff allegedly as a result of the incident described in the Complaint.

**RESPONSE: None.**

10. Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees, from any doctor, physician, or anyone else who has treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

**RESPONSE: See attached.**

11. Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees from any doctor, physician, or anyone else who has examined the Plaintiff's physical or mental conditions subsequent to the incident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of Plaintiff at the trial of this case.

**RESPONSE: See attached.**

12. Complete copies of reports prepared by each physician that examined or treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

    **RESPONSE: See attached.**

13. Any and all drawings, graphs, charts, laser color copies of all photographs (actual reprints), digital copies (including all original digital files) of all photographs and videos pertaining to any of the issues described in the Complaint.

    **RESPONSE: See attached.**

14. All statements, recorded or written, obtained by you or your attorneys of the Defendant, taken at the time of or subsequent to the subject incident.

    **RESPONSE: None.**

15. Any and all business records, pay receipts, or other memoranda indicating gross income from self-employment, salary, commissions, bonuses, or other earnings in the past five (5) years.

    **RESPONSE: Plaintiff is in the process of obtaining these documents.**

16. Any and all appraisals, estimates or repair or other written evidence in Plaintiff custody or control which reflects the nature, extent and amount of damage (in money terms) to the Plaintiff's automobile and other personal property alleged to have been damaged by Defendant.

    **RESPONSE: None in Plaintiff's possession.**

17. Copies of any and all insurance policies providing benefits or coverage to you for any claimed injury or damages arising from the subject incident.

    **RESPONSE: See attached.**

18. Copies of any and all documents reflecting whether or not you received any compensation from your own insurance company or from any other insurance company as a result of the subject incident.

    **RESPONSE: See attached PIP Log.**

19. Any and all written or recorded statements taken from parties or witnesses concerning any issue in this lawsuit.

    **RESPONSE: None.**

20. Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the injury or damage sustained by Plaintiff, which Plaintiff intends to place into evidence or use at trial.

**RESPONSE: Unknown at this time.**

21. Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the scene of the subject incident or any property damage that allegedly resulted therefrom.

**RESPONSE: See attached.**

22. Copies of any and all documents evidencing the value of all benefits received by Plaintiff on his behalf, by or pursuant to the following sources:

23. United States Social Security Act.

a) Any Federal, State, or Local Income Disability, or any other public program providing medical expenses, disability payments, or other similar benefits.
b) Any health, sickness, or income disability insurance; automobile accident insurance that provides for income disability coverage; and any other similar insurance benefits except life insurance available to Plaintiff, whether purchased by him or provided by others.
c) Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, or other health care services.
d) Any contractual or voluntary wage continuation plan provided by Plaintiff's employers or any other system intended to provide wages during a period of disability.

**RESPONSE: See attached.**

24. All statements which Plaintiff intends to place into evidence or use at trial.

**RESPONSE: Unknown at this time.**

25. Copies of the front and back of any and all insurance cards for insurance providing medical insurance to the Plaintiff for the past ten (10) years to present.

**RESPONSE: See attached.**

26. Copies of any and all notices sent to any and all collateral sources notifying those collateral sources of Plaintiff's intention to claim damages from Defendant and any and all statements

received by Plaintiff from each and every such collateral source of that collateral source's assertion of its right of subrogation or reimbursement pursuant to Fla. Stat. §768.76.

**RESPONSE: None in Plaintiff's possession.**

27. A copy of any and all correspondence by and between Plaintiff's counsel for (Plaintiff) or anyone on his behalf regarding any claim of subrogation and/or lien regarding the matter or medical expense described in the Complaint.

**RESPONSE: None.**

28. Any and all documents exchanged between you and your automobile insurer regarding the subject incident.

**RESPONSE: None in Plaintiff's possession.**

29. Any and all non-privileged correspondence, text messages, emails, SMS messages, social media direct messages, etc. sent and/or received by Plaintiff concerning any of the issues in this lawsuit.

**RESPONSE: None in Plaintiff's possession.**

30. Copies of any cellular telephone records and bills documenting the Plaintiff's usage of any cellular telephone on the date of the incident described in the Complaint.

**RESPONSE: None in Plaintiff's possession.**

31. An original signed, fully executed attached Social Security Administration Consent for Release of Information (SSA-3288 Form).

**RESPONSE: See attached.**

32. An original signed, fully executed attached Request for Social Security Earnings Information (SSA-7050-F4 Form).

**RESPONSE: See attached.**

33. An original signed, fully executed attached Medicare authorization form.

**RESPONSE: See attached.**

34. An original signed, fully executed attached Medicaid authorization form.

**RESPONSE: See attached.**

35. Copies of the front and back of Plaintiff's driver's license.

**RESPONSE: See attached.**

36. Copies of the front and back of any citations issued to Plaintiff as a result of the incident described in the Complaint.

**RESPONSE: None.**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 29th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the E-Portal filing system, which will send a notice of electronic filing to the following: **Benjamin L. Bedard, Esq.** and **Jason B. Vrbensky, Esq.**, Roberts, Reynolds, Bedard & Tuzzio, PLLC, 470 Columbia Drive, Bldg. C101, West Palm Beach, FL    33409.    [bbedard@rrbpa.com;    jvrbensky@rrbpa.com;    lsmith@rrbpa.com; service_BLB@rrbpa.com].

*/s/ Gregory Jackson, Esquire*
Gregory Jackson, Esquire
Florida Bar No.: 503126
Direct: (407) 845-1848
Fax: (321) 710-1375
Noah Rosenbaum, Esquire
Florida Bar No.: 1039675
Direct: (407) 845-1848
Fax: (321) 710-0028
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Gregory.Jackson@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com
Shequita.Black@newlinlaw.com
**SERVICE EMAIL ONLY:**
**Jackson.Pleadings@newlinlaw.com**
Attorney for Plaintiff

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 173 of 222 PageID 173

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO:  2023CA006683XXXXMA

      Plaintiffs,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFFS' REQUEST TO PRODUCE TO DEFENDANT, KENNETH ROARK

Pursuant to the provisions of Rule 1.350, Florida Rules of Civil Procedure, the undersigned counsel requests that the Defendant, KENNETH ROARK, produce and permit the inspection, copying, testing, sampling, measuring, surveying, photographing or otherwise examining the following:

1)    All statements made by any occupants of the vehicles involved in the subject incident.

2)    All statements made by any witnesses to the subject accident.

3)    All statements made by the Plaintiff pertaining to or concerning the subject matter.

4)    All photographs of the vehicles involved in the subject accident.

5)    All photographs of the Plaintiff depicting injuries received in the subject accident.

6)    All photographs of the subject accident scene.

7)      Documents relating to or discussing repairs or maintenance to Defendants' vehicle that were done for the six (6) months period of time preceding and including the date of the accident and for the six (6) month period of time following the date of the accident.

8)      The repair bill and estimates for the repairs to any of the vehicles involved in the accident for damages incurred in the accident.

9)      Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

10)     Appraisals of all property damage sustained by Defendants' vehicle in the subject accident.

11)     Appraisals of the property damage sustained by Plaintiff's vehicle in the subject accident.

12)     A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

13)     A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

14)     Copies of any and all computer generated documents in the possession of the Defendants or any agent, servant and/or employee of the Defendants, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiff in this lawsuit.

15)    Copies of any and all checks issued by the Defendants or any agent, servant and/or employee of the Defendants to any other person, firm or company making a claim arising out of the same accident or incident which is the basis of this lawsuit.

16)    All payout records for the insurer of the Defendants for benefits paid to or on behalf of Plaintiff under the personal injury protection and medical payment coverage of the policy.

17)    A copy of the driver's license of the driver involved in the subject accident that existed on the date of the accident as well as the current driver's license.

18)    A copy of the Defendant, KENNETH ROARK's mobile phone bill depicting all telephone, text and data usage for the billing period for the subject date of loss.

It is requested that the above document be furnished or produced on or before forty-five (45) days from the date of service hereof, to Donna S. Zmijewski, Esquire at the offices of Dan Newlin Injury Attorneys, 7335 Sand Lake Road, Ste. 300, Orlando, FL 32819.

In support of this Request To Produce, it is shown that the documents and/or materials being here requested are believed to be in the possession, custody or control of the party to whom this request is directed. The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship. In the event that all or part of the documents, and/or materials herein requested are not in the possession or control of the above-named Defendant addressee, then the undersigned counsel further request the identity and location all persons having such possession and control. This request is made in good faith and for the purposes herein expressed.

I HEREBY CERTIFY that a copy hereof has been furnished the Defendant along with the

Summons and Complaint.

*/s/ Donna S. Zmijewski*
Donna S. Zmijewski, Esquire
Florida Bar No.: 0573310
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (321)684-6871
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

Case 3:23-cv-01479-HES-LLL     Document 1     Filed 12/19/23     Page 177 of 222 PageID 177

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO:  2023CA006683XXXXMA

      Plaintiffs,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## PLAINTIFFS' REQUEST TO PRODUCE TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Pursuant to the provisions of Rule 1.350, Florida Rules of Civil Procedure, the undersigned counsel requests that the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, produce and permit the inspection, copying, testing, sampling, measuring, surveying, photographing or otherwise examining the following:

1.     All insurance policies that would inure to the benefit of Plaintiffs, together with any declaration of coverage page and sworn statement of a corporate officer of Defendant attesting to the coverage and authenticity of the policy as required by Florida Statutes.

2.     All internal procedural memos, regarding the handling of uninsured Motorist claims, which were in effect during the last 12 months.

3.     Defendant's latest claims manual on processing Uninsured Motorist claims.

4.     Defendant's most recent claims manual on processing and handling auto insurance claims in general.

5.      A copy of Defendant's standards for the proper investigation of claims, in effect at any time during the last 12 months.

6.      Copies of any and all leaflets, brochures, memoranda, correspondence, warnings, or policies, disseminated by Defendant or any of Defendant's agents, employees, or representatives, and in effect during the last 12 months, which set forth procedures, comments, suggestions, guidelines or criteria for handling, adjusting, investigating, or settling Uninsured Motorist claims.

7.      Correspondence or Complaint forms which Defendant or anyone adjusting claims on Defendant's behalf received during the last 12 months from any field operation office of The Florida Department of Insurance concerning the handling of Uninsured Motorist claims.

8.      Copies of Defendant's standards for the proper handling, investigation and recording of all complaints received from insured or from The Florida Department of Insurance which were in effect at any time during the last 12 months.

9.      Copies of any and all leaflets, brochures, memoranda, correspondence, warnings or policies, disseminated by Defendant or any of Defendant's agents, employees, or representatives, and in effect during the last 12 months, which set forth procedures, comments, suggestions, guidelines or criteria for handling, investigating, resolving or settling complaints from insured or The Florida Department of Insurance regarding the handling of claims.

10.     Any and all information bulletins Defendant received from The Florida Department of Insurance between December 20, 1999 and the present concerning the handling of uninsured Motorist claims.

11.     Any and all surveillance reports, claims history reports or other investigative reports claims Defendant or anyone acting on Defendant's behalf prepared with regard to Plaintiff.

12.      Any and all surveillance films or photographs Defendant or anyone acting on Defendant's behalf took of the Plaintiff.

13.      The entire Personal Injury Protection file, including an up-to-date PIP and medical payments payout sheet concerning the Plaintiff.

14.      Any and all statements Defendant or anyone acting on Defendant's behalf took of Plaintiff or any witnesses.

15.      Any and all photographs Defendant or anyone acting on Defendant's behalf took showing the extent of damage to any of the vehicles involved in the accident.

16.      Any and all photographs Defendant or anyone acting on Defendant's behalf took of the scene of the accident at any time prior to the filing of suit.

17.      Any and all estimates of repair or statements concerning the nature and extent of damage to any of the vehicles involved in the accident.

18.      Any and all writings, memorandums, notes or other materials reflecting Defendant's examination of any of the vehicles involved in the accident.

19.      Any and all records reflecting the towing of any vehicles involved in the accident from the scene of the accident.

It is requested that the above document be furnished or produced on or before forty-five (45) days from the date of service hereof, to Donna S. Zmijewski, Esquire at the offices of Dan Newlin Injury Attorneys, 7335 Sand Lake Road, Ste. 300, Orlando, FL  32819.

In support of this Request To Produce, it is shown that the documents and/or materials being here requested are believed to be in the possession, custody or control of the party to whom this request is directed.  The information sought by this request is relevant to the subject matter of this action and cannot otherwise be obtained without undue hardship.  In the event that all or part

of the documents, and/or materials herein requested are not in the possession or control of the above-named Defendant addressee, then the undersigned counsel further request the identity and location all persons having such possession and control. This request is made in good faith and for the purposes herein expressed.

I HEREBY CERTIFY that a copy hereof has been furnished the Defendant along with the Summons and Complaint.

/s/ Donna S. Zmijewski
Donna S. Zmijewski, Esquire
Florida Bar No.: 0573310
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (321)684-6871
Attorneys for Plaintiff
Donna.Zmijewski@newlinlaw.com
Noah.Rosenbaum@newlinlaw.com

**23-529/JBV/lam**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

## DEFENDANT'S, PHOENIX MEDICAL PRODUCTS, INC.'S REQUEST TO PRODUCE TO PLAINTIFF, BRADLEY TOLLAS

      COMES NOW, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., pursuant to Fla. R. Civ. P. 1.350, requests Plaintiff, BRADLEY TOLLAS (hereinafter referred to as the "Plaintiff"), to produce for inspection, copying, or photographing by Defendant, PHOENIX MEDICAL PRODUCTS, INC., within thirty (30) days the following documents, showing that Plaintiff has possession, custody, and/or control of each of the documents and that each of them constitutes evidence without which the Defendant cannot safely proceed to trial, all as is seen more fully from an inspection of the pleadings herein:

### DEFINITIONS

      1.    "Plaintiff" means BRADLEY TOLLAS and any employee, agent or attorney of Plaintiff, and any other person acting for, or on behalf of Plaintiff or under Plaintiff's authority or control.

2.      "Phoenix" means Phoenix Medical Products, Inc., and any employee, agent or attorney of Phoenix, and any other person acting for, or on behalf of, Phoenix or under Phoenix's authority or control.

3.      "Roark" means Kenneth Roark, and any employee, agent or attorney of Garcia, and any other person acting for, or on behalf of, Roark or under Roark's authority or control.

4.      The words "you," "yours", "yourselves", or any variation thereof, means Plaintiff, and any employees, agents, representatives or other person acting, or purporting to act, on behalf of Plaintiff.

5.      The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation.

6.      "Date" shall mean the exact date, month, and year, if ascertainable, if not, the best approximation (based upon relationship with other events).

7.      "Document" means any writing, recording or photograph in your actual or constructive possession, custody, care or control, which refers directly or indirectly in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, videotapes and tape recordings.

8.      "Agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10.     The terms "refers to" or "referring to" means: contains, describes, mentions or touches upon.

11.     The terms "action," "lawsuit," "litigation," or "matter" shall mean the case entitled BRADLEY TOLLAS and MARIE TOLLAS v. KENNETH ROARK; PHOENIX MEDICAL PRDOUCTS, INC., and STATE FARM MURUAL INSURANCE COMPANY Case No.: 16-2023-CA-006683 CV-D, currently pending in the 4th Judicial Circuit in and for Duval County, FL.

12.     The word "identify," when used in reference to a document, means to include the name and address of the custodian of the documents, the location of the documents, and a general description of the documents, including:

a)      the type of document (i.e., correspondence, memorandum, facsimile, etc.);

b)      the general subject matter of the document;

c)      the date of the document;

d)      the author of the document;

e)      the addressee of the document; and

f)      the relationship of the author and addressee to each other.

13.     The terms "accident," "incident," "subject accident," and/or "subject incident" means the alleged motor vehicle incident as described in Plaintiff's operable Complaint in this action, occurring on March 5, 2023.

## INSTRUCTIONS

In accordance with Rule 1.350(b), for each item or category of items requested, the response shall state that inspection and related activities will be permitted as requested. Should you object to any request, the reasons for the objection must be stated. If an objection is made to part of an item or category, the part shall be specified.

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1)      the nature of the privilege claimed (including work product);

2)      if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3)      the date of the document or oral communication;

4)      if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee; and

5)      the general subject matter of the document or oral communication.

## FIRST REQUEST FOR PRODUCTION

1.      Conformed copies of all income tax returns, with all attached schedules and forms (such as W-2 forms), filed with the Internal Revenue Service for the ten (10) years prior to the date of the incident described in the Complaint and all years subsequent to the date of the incident, together with a record of earnings to date in the current year

2.      All bills or statements for medical treatment, medical devices and/or medicines, the cost of which is claimed to have been incurred by you as a result of the injuries sustained in this case.

3.      Any and all records and bills of hospitals, including X-rays, in which Plaintiff has been a patient or received treatment allegedly as a result of the injuries sustained in this case by Plaintiff, or written authorization to obtain such records at the cost of the Defendant.

4.      A copy of each and every medical bill mailed from any provider directly to the Plaintiff herein.

5.      A copy of each and every medical bill mailed and/or delivered to the law offices of Plaintiff's attorney on behalf of Plaintiff.

6.      A copy of any and all and each and every piece of correspondence between any medical provider and Plaintiff and/or his attorneys regarding payment of any medical expense allegedly incurred as a result of the incident described in the Complaint.

7.      In the event the Plaintiff has filed or intends to rely on medical bill summary pursuant to F.S. 90.956, a copy of all documents that would support the veracity of the medical bill summary.

8.      A copy of any and all liens or letters of protection concerning any and all medical bills or medical charges related to the subject incident/accident.

9.      A copy of any correspondence from any collection agency or the like that represents any medical provider attempting to collect any medical expense incurred by Plaintiff allegedly as a result of the incident described in the Complaint.

10.     Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees, from any doctor, physician, or anyone else who has treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

11.     Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees from any doctor, physician, or anyone else who has examined the Plaintiff's physical or mental conditions subsequent to the incident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of Plaintiff at the trial of this case.

12.     Complete copies of reports prepared by each physician that examined or treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

13.     Any and all drawings, graphs, charts, laser color copies of all photographs (actual reprints), digital copies (including all original digital files) of all photographs and videos pertaining to any of the issues described in the Complaint.

14.     All statements, recorded or written, obtained by you or your attorneys of the Defendant, taken at the time of or subsequent to the subject incident.

15.     Any and all business records, pay receipts, or other memoranda indicating gross income from self-employment, salary, commissions, bonuses, or other earnings in the past five (5) years.

16.     Any and all appraisals, estimates or repair or other written evidence in Plaintiff custody or control which reflects the nature, extent and amount of damage (in money terms) to the Plaintiff's automobile and other personal property alleged to have been damaged by Defendant.

17.     Copies of any and all insurance policies providing benefits or coverage to you for any claimed injury or damages arising from the subject incident.

18.     Copies of any and all documents reflecting whether or not you received any compensation from your own insurance company or from any other insurance company as a result of the subject incident.

19.     Any and all written or recorded statements taken from parties or witnesses concerning any issue in this lawsuit.

20.     Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the injury or damage sustained by Plaintiff, which Plaintiff intends to place into evidence or use at trial.

21.     Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the scene of the subject incident or any property damage that allegedly resulted therefrom.

22.     Copies of any and all documents evidencing the value of all benefits received by Plaintiff on his behalf, by or pursuant to the following sources:

23.     United States Social Security Act.

    a)      Any Federal, State, or Local Income Disability, or any other public program providing medical expenses, disability payments, or other similar benefits.

b)    Any health, sickness, or income disability insurance; automobile accident insurance that provides for income disability coverage; and any other similar insurance benefits except life insurance available to Plaintiff, whether purchased by him or provided by others.

c)    Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, or other health care services.

d)    Any contractual or voluntary wage continuation plan provided by Plaintiff's employers or any other system intended to provide wages during a period of disability.

24.    All statements which Plaintiff intends to place into evidence or use at trial.

25.    Copies of the front and back of any and all insurance cards for insurance providing medical insurance to the Plaintiff for the past ten (10) years to present.

26.    Copies of any and all notices sent to any and all collateral sources notifying those collateral sources of Plaintiff's intention to claim damages from Defendant and any and all statements received by Plaintiff from each and every such collateral source of that collateral source's assertion of its right of subrogation or reimbursement pursuant to Fla. Stat. §768.76.

27.    A copy of any and all correspondence by and between Plaintiff's counsel for (Plaintiff) or anyone on his behalf regarding any claim of subrogation and/or lien regarding the matter or medical expense described in the Complaint.

28.    Any and all documents exchanged between you and your automobile insurer regarding the subject incident.

29.    Any and all non-privileged correspondence, text messages, emails, SMS messages, social media direct messages, etc. sent and/or received by Plaintiff concerning any of the issues in this lawsuit.

30.    Copies of any cellular telephone records and bills documenting the Plaintiff's usage of any cellular telephone on the date of the incident described in the Complaint.

31.    An original signed, fully executed attached Social Security Administration Consent for Release of Information (SSA-3288 Form).

32.    An original signed, fully executed attached Request for Social Security Earnings Information (SSA-7050-F4 Form).

33.    An original signed, fully executed attached Medicare authorization form.

34.     An original signed, fully executed attached Medicaid authorization form.

35.     Copies of the front and back of Plaintiff's driver's license.

36.     Copies of the front and back of any citations issued to Plaintiff as a result of the incident described in the Complaint.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                          Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl  33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 13th day of September, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560   Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med


_/s/ Jason B. Vrbensky_
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:        407/203-6580
FAX:           321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:        305/428-2470
FAX:           305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:        561/688-6560
FAX:           561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

**23-529/JBV/lam**

IN THE CIRCUIT COURT OF THE 4th
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY FLORIDA

CIVIL DIVISION
CASE NO: 16-2023-CA-006683 CV-D

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

vs.

KENNETH ROARK; PHOENIX MEDICAL
PRODUCTS, INC. and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

## <u>DEFENDANT'S, PHOENIX MEDICAL PRODUCTS, INC.'S REQUEST TO PRODUCE TO PLAINTIFF, MARIE TOLLAS</u>

      COMES NOW, the Defendant, PHOENIX MEDICAL PRODUCTS, INC., pursuant

to Fla. R. Civ. P. 1.350, requests Plaintiff, MARIE TOLLAS (hereinafter referred to as the

"Plaintiff"), to produce for inspection, copying, or photographing by Defendant, PHOENIX

MEDICAL PRODUCTS, INC., within thirty (30) days the following documents, showing that

Plaintiff has possession, custody, and/or control of each of the documents and that each of

them constitutes evidence without which the Defendant cannot safely proceed to trial, all as is

seen more fully from an inspection of the pleadings herein:

### <u>DEFINITIONS</u>

      1.     "Plaintiff" means MARIE TOLLAS and any employee, agent or attorney of
Plaintiff, and any other person acting for, or on behalf of Plaintiff or under Plaintiff's authority
or control.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 09/14/2023 04:37:31 PM

2.     "Phoenix" means Phoenix Medical Products, Inc., and any employee, agent or attorney of Phoenix, and any other person acting for, or on behalf of, Phoenix or under Phoenix's authority or control.

3.     "Roark" means Kenneth Roark, and any employee, agent or attorney of Garcia, and any other person acting for, or on behalf of, Roark or under Roark's authority or control.

4.     The words "you," "yours", "yourselves", or any variation thereof, means Plaintiff, and any employees, agents, representatives or other person acting, or purporting to act, on behalf of Plaintiff.

5.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation.

6.     "Date" shall mean the exact date, month, and year, if ascertainable, if not, the best approximation (based upon relationship with other events).

7.     "Document" means any writing, recording or photograph in your actual or constructive possession, custody, care or control, which refers directly or indirectly in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, videotapes and tape recordings.

8.     "Agent" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10.    The terms "refers to" or "referring to" means: contains, describes, mentions or touches upon.

11.    The terms "action," "lawsuit," "litigation," or "matter" shall mean the case entitled BRADLEY TOLLAS and MARIE TOLLAS v. KENNETH ROARK; PHOENIX MEDICAL PRDOUCTS, INC., and STATE FARM MURUAL INSURANCE COMPANY Case No.: 16-2023-CA-006683 CV-D, currently pending in the 4th Judicial Circuit in and for Duval County, FL.

12.    The word "identify," when used in reference to a document, means to include the name and address of the custodian of the documents, the location of the documents, and a general description of the documents, including:

a)      the type of document (i.e., correspondence, memorandum, facsimile, etc.);

b)      the general subject matter of the document;

c)      the date of the document;

d)      the author of the document;

e)      the addressee of the document; and

f)      the relationship of the author and addressee to each other.

13.    The terms "accident," "incident," "subject accident," and/or "subject incident" means the alleged motor vehicle incident as described in Plaintiff's operable Complaint in this action, occurring on March 5, 2023.

### INSTRUCTIONS

In accordance with Rule 1.350(b), for each item or category of items requested, the response shall state that inspection and related activities will be permitted as requested. Should you object to any request, the reasons for the objection must be stated. If an objection is made to part of an item or category, the part shall be specified.

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1)      the nature of the privilege claimed (including work product);

2)      if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3)      the date of the document or oral communication;

4)      if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee; and

5)      the general subject matter of the document or oral communication.

## FIRST REQUEST FOR PRODUCTION

1.      Conformed copies of all income tax returns, with all attached schedules and forms (such as W-2 forms), filed with the Internal Revenue Service for the ten (10) years prior to the date of the incident described in the Complaint and all years subsequent to the date of the incident, together with a record of earnings to date in the current year

2.      All bills or statements for medical treatment, medical devices and/or medicines, the cost of which is claimed to have been incurred by you as a result of the injuries sustained in this case.

3.      Any and all records and bills of hospitals, including X-rays, in which Plaintiff has been a patient or received treatment allegedly as a result of the injuries sustained in this case by Plaintiff, or written authorization to obtain such records at the cost of the Defendant.

4.      A copy of each and every medical bill mailed from any provider directly to the Plaintiff herein.

5.      A copy of each and every medical bill mailed and/or delivered to the law offices of Plaintiff's attorney on behalf of Plaintiff.

6.      A copy of any and all and each and every piece of correspondence between any medical provider and Plaintiff and/or his attorneys regarding payment of any medical expense allegedly incurred as a result of the incident described in the Complaint.

7.      In the event the Plaintiff has filed or intends to rely on medical bill summary pursuant to F.S. 90.956, a copy of all documents that would support the veracity of the medical bill summary.

8.      A copy of any and all liens or letters of protection concerning any and all medical bills or medical charges related to the subject incident/accident.

9.      A copy of any correspondence from any collection agency or the like that represents any medical provider attempting to collect any medical expense incurred by Plaintiff allegedly as a result of the incident described in the Complaint.

10.     Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees, from any doctor, physician, or anyone else who has treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

11.     Copies of all medical reports received by Plaintiff, his attorneys, investigators, agents, servants, or employees from any doctor, physician, or anyone else who has examined the Plaintiff's physical or mental conditions subsequent to the incident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of Plaintiff at the trial of this case.

12.     Complete copies of reports prepared by each physician that examined or treated Plaintiff for injuries alleged to have been incurred as a result of the incident which is the subject matter of this lawsuit.

13.     Any and all drawings, graphs, charts, laser color copies of all photographs (actual reprints), digital copies (including all original digital files) of all photographs and videos pertaining to any of the issues described in the Complaint.

14.     All statements, recorded or written, obtained by you or your attorneys of the Defendant, taken at the time of or subsequent to the subject incident.

15.     Any and all business records, pay receipts, or other memoranda indicating gross income from self-employment, salary, commissions, bonuses, or other earnings in the past five (5) years.

16.     Any and all appraisals, estimates or repair or other written evidence in Plaintiff custody or control which reflects the nature, extent and amount of damage (in money terms) to the Plaintiff's automobile and other personal property alleged to have been damaged by Defendant.

17.     Copies of any and all insurance policies providing benefits or coverage to you for any claimed injury or damages arising from the subject incident.

18.     Copies of any and all documents reflecting whether or not you received any compensation from your own insurance company or from any other insurance company as a result of the subject incident.

19.     Any and all written or recorded statements taken from parties or witnesses concerning any issue in this lawsuit.

20.     Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the injury or damage sustained by Plaintiff, which Plaintiff intends to place into evidence or use at trial.

21.     Any and all color photographs (actual reprints or original digital files), graphs, charts, and other documentary evidence in the possession, custody, and control of the Plaintiff, his attorneys, investigators, agents, servants, or employees showing the scene of the subject incident or any property damage that allegedly resulted therefrom.

22.     Copies of any and all documents evidencing the value of all benefits received by Plaintiff on his behalf, by or pursuant to the following sources:

23.     United States Social Security Act.

a)     Any Federal, State, or Local Income Disability, or any other public program providing medical expenses, disability payments, or other similar benefits.

b) Any health, sickness, or income disability insurance; automobile accident insurance that provides for income disability coverage; and any other similar insurance benefits except life insurance available to Plaintiff, whether purchased by him or provided by others.

c) Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, or other health care services.

d) Any contractual or voluntary wage continuation plan provided by Plaintiff's employers or any other system intended to provide wages during a period of disability.

24. All statements which Plaintiff intends to place into evidence or use at trial.

25. Copies of the front and back of any and all insurance cards for insurance providing medical insurance to the Plaintiff for the past ten (10) years to present.

26. Copies of any and all notices sent to any and all collateral sources notifying those collateral sources of Plaintiff's intention to claim damages from Defendant and any and all statements received by Plaintiff from each and every such collateral source of that collateral source's assertion of its right of subrogation or reimbursement pursuant to Fla. Stat. §768.76.

27. A copy of any and all correspondence by and between Plaintiff's counsel for (Plaintiff) or anyone on his behalf regarding any claim of subrogation and/or lien regarding the matter or medical expense described in the Complaint.

28. Any and all documents exchanged between you and your automobile insurer regarding the subject incident.

29. Any and all non-privileged correspondence, text messages, emails, SMS messages, social media direct messages, etc. sent and/or received by Plaintiff concerning any of the issues in this lawsuit.

30. Copies of any cellular telephone records and bills documenting the Plaintiff's usage of any cellular telephone on the date of the incident described in the Complaint.

31. An original signed, fully executed attached Social Security Administration Consent for Release of Information (SSA-3288 Form).

32. An original signed, fully executed attached Request for Social Security Earnings Information (SSA-7050-F4 Form).

33. An original signed, fully executed attached Medicare authorization form.

34.    An original signed, fully executed attached Medicaid authorization form.

35.    Copies of the front and back of Plaintiff's driver's license.

36.    Copies of the front and back of any citations issued to Plaintiff as a result of the incident described in the Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been furnished to: Gregory Jackson, Esq., Counsel for Plaintiff, 7335 W. Sand Lake Rd, Ste 300, Orlando, FL 32819, Gregory.jackson@newlinlaw.com;                    Jackson.pleadings@newlinlaw.com; shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com; Joanna Pino, Esq., Eric Fresco, Esq., Counsel for State Farm, 9155 S Dadeland Blvd, Ste 1600, Miami, Fl  33156, jpino@siolilaw.com; efresco@siolilaw.com; statefarm@siolilaw.com; by delivery via the Court's E-Filing Portal on this 13th day of September, 2023.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com ; jvrbensky@rrbpa.com;
Attorneys for Roark/Phoenix Med


*/s/ Jason B. Vrbensky*
BENJAMIN L. BEDARD
Florida Bar No: 983772
JASON B. VRBENSKY
Florida Bar No.:  014039

COUNSEL LIST

GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd, Ste 300
Orlando, FL  32819
Counsel for Plaintiff
PHONE:        407/203-6580
FAX:            321/684-6871
EMAIL: Gregory.jackson@newlinlaw.com; Jackson.pleadings@newlinlaw.com;
shequita.black@newlinlaw.com; jenifer.acuna@newlinlaw.com

**********************************
JOANNA N. PINO, ESQ.
ERIC M. FRESCO, ESQ.
Sioli Alexander Pino
9155 S. Dadeland Blvd, Ste 1600
Miami, FL  33156
Counsel for State Farm
PHONE:        305/428-2470
FAX:            305/428-2471
EMAIL:  efresco@siolilaw.com; statefarm@siolilaw.com; jpino@siolilaw.com
**********************************
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Counsel for Roark/Phoenix Med
PHONE:        561/688-6560
FAX:            561/688-2343
EMAIL: bbedard@rrbpa.com
EMAIL: jvrbensky@rrbpa.com
EMAIL: Lisa lsmith@rrbpa.com
For Filing Purposes:
 service_BLB@rrbpa.com

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 197 of 222 PageID 197

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY FLORIDA

Case No.: 2023-CA-006683

BRADLEY TOLLAS and MARIE TOLLAS,

      Plaintiff,

v

KENNETH ROARK, HOENIX MEDICAL,
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE
INSURANE COMPANY,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, (hereinafter "Defendant") by and through its undersigned counsel, and pursuant to the Fla.R.Civ.P. 1.140, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff, BRADLEY TOLLAS and MARIE TOLLAS, (hereinafter "Plaintiff") and, in support thereof, states as follows:

    1.    Denied.

    2.    Admit.

    3.    Admit.

    4.    Without knowledge, therefore unable to admit or deny.

    5.    Without knowledge, therefore unable to admit or deny.

    6.    Admit for purposes of venue only.

    7.    Admit for purposes of venue only.

## COUNT I- PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Defendant realleges and adopts is responses to paragraphs 1-7 as if fully set forth herein.

CASE NO.: 2023-CA-006683

The allegations contained in Count I are not directed towards this Defendant. However, to the extent that any portion or portions of these allegations are directed towards this Defendant they are hereby denied.

## COUNT II- PLAINTIFF BRADLY TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

Defendant realleges and adopts is responses to paragraphs 1-12 as if fully set forth herein.

The allegations contained in Count II are not directed towards this Defendant. However, to the extent that any portion or portions of these allegations are directed towards this Defendant they are hereby denied.

## COUNT III- PLAINTIFF BRADLY TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST DEFENDANT STATE FARM AUTOMOBILE INSURANCE COMPANY

Defendant realleges and adopts is responses to paragraphs 1-12 as if fully set forth herein.

17.     Without knowledge, therefore unable to admit or deny.

18.     Without knowledge, therefore unable to admit or deny.

19.     Amit there was a policy of insurance which inured to the benefit of the insured which was in effect at the time of the alleged incident.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

## COUNT IV- PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT KENNETH ROARK

Defendant realleges and adopts is responses to paragraphs 1-7 as if fully set forth herein.

2

CASE NO.: 2023-CA-006683

The allegations contained in Count IV are not directed towards this Defendant. However, to the extent that any portion or portions of these allegations are directed towards this Defendant they are hereby denied.

### COUNT V- PLAINTIFF MARIE TOLLAS' CLAIM OF NEGLIGENCE AGAINST DEFENDANT HOENIX MEDICAL PRODUCTS INC.

Defendant realleges and adopts is responses to paragraphs 1-12 as if fully set forth herein.

The allegations contained in Count V are not directed towards this Defendant. However, to the extent that any portion or portions of these allegations are directed towards this Defendant they are hereby denied.

### COUNT VI- PLAINTIFF MARIE TOLLAS' CLAIM OF BREACH OF CONTRACT AGAINST DEFENDANT STATE FARM AUTOMOBILE INSURANCE COMPANY

Defendant realleges and adopts is responses to paragraphs 1-12 as if fully set forth herein.

35.    Without knowledge, therefore unable to admit or deny.

36.    Without knowledge, therefore unable to admit or deny.

37.    Amit there was a policy of insurance which inured to the benefit of the insured which was in effect at the time of the alleged incident.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

Defendant hereby requests trial by jury on all issues so triable.

CASE NO.: 2023-CA-006683

## **AFFIRMATIVE DEFENSES**

1.       As the first Affirmative Defense, The Plaintiff was the sole legal cause of the injuries alleged in the Complaint and, therefore, the Plaintiff is barred from recovery as a matter of law. Alternatively, the Plaintiff was comparatively negligent and any recovery in favor of the Plaintiff must be reduced by the percentage of negligence attributable to the Plaintiff.

2.       As a Second Affirmative Defense, This Defendant is entitled to a setoff for any collateral source benefits paid or payable in favor of the Plaintiff.

3.       As a Third Affirmative Defense, This Defendant is liable only on the basis of percentage of fault and not on the basis of joint and several liability.

4.       As a Fourth Affirmative Defense, This Defendant is entitled to a set-off for any settlement or award obtained by the Plaintiff from any other person or entity, as provided by Florida law.

5.       As a Fifth affirmative Defense, This Defendant is entitled to a set-off/reduction in excess of payments for amounts received by Plaintiff's health care providers in satisfaction of medical bills with higher face amounts; and/or amounts written off by health care providers per Goble v. Frohman, 901 So.2d 830 (Fla.2005).

6.       As a Sixth Affirmative Defense, This Defendant is not guilty of any negligence, which was the proximate legal cause of the accident alleged.

7.       As a Seventh Affirmative Defense, The Plaintiff has failed to meet the threshold requirements of the Florida Motor Vehicle No-Fault Law, and therefore, recovery is barred in its entirety and/or diminished accordingly.

8.       As an Eighth affirmative defense, This Defendant is entitled to a credit and/or setoff from any and all personal injury protection benefits paid and/or payable, and any and all other

CASE NO.: 2023-CA-006683

benefits, collateral sources or other sources of setoffs or recoupments and therefore claims said setoffs, credits, and recoupments in accordance with '768.76 of the Florida Statutes.

9.      As a Nineth affirmative defense, This Defendant is entitled to immunity from liability for the amount of any deductible selected by Plaintiff or by, which Plaintiff is bound pursuant to any applicable automobile insurance agreement providing personal injury protection coverage since the Plaintiff has not suffered a threshold breaking injury.

10.     As a Tenth affirmative defense, The Plaintiff's vehicle had an available and operational seatbelt mechanism at the time of the subject accident. The Plaintiff failed to use this seatbelt mechanism in his vehicle. As a result of the Plaintiff's failure to use the operational and available seatbelt mechanism, the Plaintiff sustained injuries which he would have not sustained or to the degree he has sustained injuries had he used the seatbelt mechanism.

11.     As an Eleventh affirmative defense, The Plaintiff has failed to mitigate his alleged damages, and therefore, this Defendant is not responsible to the extent the Plaintiff could have mitigated the alleged damages.

12.     As a Twelve affirmative defense, The Plaintiff seeks damages based on medical treatment and expenses that are not reasonable, customary, related or necessary and is not entitled to any reimbursement of unreasonable or unnecessary expenses.

Discovery is ongoing and, therefore, Defendant reserves the right to amend its Affirmative defenses to the Complaint.

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties via the E-Filing Portal as indicated on the Service List, on this 7th day of July, 2023.

SIOLI  ALEXANDER PINO
Attorneys for Defendant
9155 S. Dadeland Blvd., Suite 1600

5

CASE NO.: 2023-CA-006683

Miami, Florida 33156
Tel: (305) 428-2470
Fax: (305) 428-2471

By:   /S/ *Eric M. Fresco*
    **JOANNA N. PINO, ESQ.**
    Florida Bar No.: 64031
    E-mail: jpino@siolilaw.com
    **ERIC M. FRESCO, ESQ.**
    Florida Bar. No.: 95576
    E-mail: efresco@siolilaw.com

## **SERVICE LIST**

Donna Zmijewski, Esquire
Dan Newlin Injury Attorneys
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Email: donna.zmijewski@newlinlaw.com

## VERIFIED RETURN OF SERVICE

**State of Florida**                                    **County of DUVAL**                                    **Circuit Court**

Case Number: 2023-CA-006683

Plaintiff:
**BRADLEY TOLLAS and MARIE TOLLAS,**
vs.
Defendant:
**KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY**

For: DONNA ZMIJWESKI, ESQ.
DAN NEWLIN INJURY ATTORNEYS

Received by Professional Investigative Group on the 30th day of May, 2023 at 7:36 pm to be served on **HOENIX MEDICAL PRODUCTS, INC., 535 COLD SPRINGS ROAD, MOUNTAIN CITY, TN 37683**. I, Key Kernaghan , being duly sworn, depose and say that on the 31st day of May , 2023 at 9:44 Am., executed service by delivering a true copy of the **SUMMONS, COMPLAINT and CASE MANAGEMENT ORDER** in accordance with state statutes in the manner marked below:

☑ AUTHORIZED SERVICE: By serving Nanci Campbell as peron authorized to accept service.

( ) SUBSTITUTE SERVICE: By serving _____ as _____.

( ) CORPORATE SERVICE: By serving _____ as

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

_____

_____

_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525: Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge

Kay Kernaghan

PROCESS SERVER #
Appointed in accordance with State Statutes

**Professional Investigative Group
6151 Lake Osprey Drive
3rd Floor
Sarasota, FL 34240
(877) 733-2296**

Our Job Serial Number: 2023004424

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,          CASE NO:  16-2023-CA-006683-XXXX-MA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in the above-styled cause upon the Defendant:

**HOENIX MEDICAL PRODUCTS, INC.**
**535 COLD SPRINGS RD**
**MOUNTAIN CITY, TN 37683**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on Karen Wasson, ESQUIRE, Dan Newlin Injury Attorneys, 7335 W. SAND LAKE, SUITE 300,
Orlando, FL   32819; telephone: (407) 888-8000, within twenty (20) days after service of this
Summons upon you, exclusive of the day of service, and to file the original of said written defenses
with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.
If you fail to do so, a default will be entered against you for the relief demanded in the Complaint
or Petition.

      Dated:  04/24/2023

Jody Phillips
Clerk of the Circuit Court

By _____

As Deputy Clerk, Civil Division

501 W Adams St.
Jacksonville, FL 32202

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration at least three business days prior to the required service by using one of the following methods: Phone - (904) 630-2564; Fax - (904) 630-1146; TTD/TTY - (800) 955-8770 (Florida Relay Service). E-Mail – crtintrp@coj.net.

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**DAN NEWLIN INJURY ATTORNEYS**
**7335 W. SAND LAKE ROAD, SUITE 300**
**ORLANDO, FLORIDA 32819**

## VERIFIED RETURN OF SERVICE

**State of Florida**                    **County of DUVAL**                                        **Circuit Court**

Case Number: 2023-CA-006683

Plaintiff:
**BRADLEY TOLLAS and MARIE TOLLAS,**
vs.
Defendant:
**KENNETH ROARK, HOENIX MEDICAL**
**PRODUCTS, INC. and STATE FARM**
**MUTUAL AUTOMOBILE INSURANCE**
**COMPANY**

For: DONNA ZMIJWESKI, ESQ.
DAN NEWLIN INJURY ATTORNEYS

Received by Professional Investigative Group on the 30th day of May, 2023 at 7:36 pm to be served on **KENNETH ROARK, 2157 HWY 133, SHADY VALLEY, TN 37688.** I, _Key Karneghan_, being duly sworn, depose and say that on the _5th_ day of _June_, 20_23_ at _10:58_ A.m., executed service by delivering a true copy of the **SUMMONS, COMPLAINT and CASE MANAGEMENT ORDER** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

( ) SUBSTITUTE - PRIVATE MAILBOX:  served by delivering a true copy of the documents to: _____
_____, a person in charge at the recipient's private mailbox  the only address known after reasonable investigation and after determining that the person to be served maintains a mailbox at this location, in compliance with Florida Statute 48.031(6)

( ) AUTHORIZED SERVICE: By serving _____ as peron authorized to accept service.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes  or  (✓) No   If yes, what branch? _____

Marital Status: ( ) Married  or  (✓) Single   Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525: Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Professional Investigative Group**
**6151 Lake Osprey Drive**
**3rd Floor**
**Sarasota, FL 34240**
**(877) 733-2296**

Our Job Serial Number: 2023004423

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

Case 3:23-cv-01479-HES-LLL    Document 1    Filed 12/19/23    Page 209 of 222 PageID 209

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,    CASE NO:  16-2023-CA-006683-XXXX-MA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in the above-styled cause upon the Defendant:

**KENNETH ROARK**
**315 STAGE ROAD**
**MOUNTAIN CITY, TN 37683**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on Karen Wasson, ESQUIRE, Dan Newlin Injury Attorneys, 7335 W. SAND LAKE, SUITE 300,
Orlando, FL   32819; telephone: (407) 888-8000, within twenty (20) days after service of this
Summons upon you, exclusive of the day of service, and to file the original of said written defenses
with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.
If you fail to do so, a default will be entered against you for the relief demanded in the Complaint
or Petition.

Dated:   04/24/2023

Jody Phillips
Clerk of the Circuit Court

By _____

As Deputy Clerk, Civil Division

501 W Adams St.

Jacksonville, FL 32202

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration at least three business days prior to the required service by using one of the following methods: Phone - (904) 630-2564; Fax - (904) 630-1146; TTD/TTY - (800) 955-8770 (Florida Relay Service). E-Mail – crtintrp@coj.net.

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**DAN NEWLIN INJURY ATTORNEYS**
**7335 W. SAND LAKE ROAD, SUITE 300**
**ORLANDO, FLORIDA 32819**

## <u>VERIFIED RETURN OF SERVICE</u>

| State of Florida | County of DUVAL | Circuit Court |
|---|---|---|

Case Number: 2023-CA-006683

Plaintiff:
**BRADLEY TOLLAS and MARIE TOLLAS,**

vs.

Defendant:
**KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY**

For:
DONNA ZMIJWESKI, ESQ.
DAN NEWLIN INJURY ATTORNEYS
7335 W. SAND LAKE ROAD
SUITE 300
ORLANDO, FL 32819

Received by Professional Investigative Group on the 30th day of May, 2023 at 7:36 pm to be served on **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY C/O THE FLORIDA CHIEF FINANCIAL OFFICER, 200 E GAINES STREET, TALLAHASSEE, FL 32399**

I, Shawn Hencye, being duly sworn, depose and say that on the **31st day of May, 2023** at **12:45 pm, I:**

**ELECTRONICALLY SERVED VIA LSOP ONLINE PORTAL:** Served by electronically submitting a true copy of the SUMMONS, COMPLAINT and CASE MANAGEMENT ORDER with date and hour of service endorsed thereon by me to HARRY HALLEY as employee authorized to accept service for THE FLORIDA CHIEF FINANCIAL OFFICER, AS REGISTERED AGENT, at the address of: 200 E GAINES STREET, TALLAHASSEE, FL 32399, and informed said person of the contents therein, in compliance with state statutes

I certify that I am over the age of 18 and have no interest in the above action.

_____
**Shawn Hencye**

F.S. 92.525:  Under penalties of perjury, I declare that I have read the foregoing and that facts stated in it are true, followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words: "to the best of my knowledge and belief" may be added.

**Professional Investigative Group
6151 Lake Osprey Drive
3rd Floor
Sarasota, FL 34240
(877) 733-2296**

Our Job Serial Number: PIC-2023004425

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 06/06/2023 10:56:46 AM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY, FLORIDA

BRADLEY TOLLAS and MARIE TOLLAS,     CASE NO:  16-2023-CA-006683-XXXX-MA

      Plaintiff,

v.

KENNETH ROARK, HOENIX MEDICAL
PRODUCTS, INC. and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in the above-styled cause upon the Defendant:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
ONE STATE FARM PLAZA
BLOOMINGTON, IL 61710**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on Karen Wasson, ESQUIRE, Dan Newlin Injury Attorneys, 7335 W. SAND LAKE, SUITE 300,
Orlando, FL   32819; telephone: (407) 888-8000, within twenty (20) days after service of this
Summons upon you, exclusive of the day of service, and to file the original of said written defenses
with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.
If you fail to do so, a default will be entered against you for the relief demanded in the Complaint
or Petition.

Dated:  04/24/2023

Jody Phillips
Clerk of the Circuit Court

By_____

As Deputy Clerk, Civil Division

501 W Adams St.
Jacksonville, FL 32202

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs an accommodation in order to access court facilities or participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation, please contact Court Administration at least three business days prior to the required service by using one of the following methods: Phone - (904) 630-2564; Fax - (904) 630-1146; TTD/TTY - (800) 955-8770 (Florida Relay Service). E-Mail – crtintrp@coj.net.

**IMPORTANT**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**DAN NEWLIN INJURY ATTORNEYS**
**7335 W. SAND LAKE ROAD, SUITE 300**
**ORLANDO, FLORIDA 32819**







eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 162023CA006683XXXXMA [162023CA006683XXXXMA] | 03/23/2023 | | DUVAL | Auto Negligence Case | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 03/23/2023 | Auto Negligence Case | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| NORTON, VIRGINIA BAKER | JUDGE | | |
| Jackson, Gregory A Jr. | ATTORNEY | | |
| TOLLAS, BRADLEY | PLAINTIFF | JACKSON, GREGORY ALLEN | 503126 |
| TOLLAS, MARIE | PLAINTIFF | JACKSON, GREGORY ALLEN | 503126 |
| ROARK, KENNETH | DEFENDANT | BEDARD, BENJAMIN LAWRENCE | 983772 |
| HOENIX MEDICAL PRODUCTS, INC | DEFENDANT | BEDARD, BENJAMIN LAWRENCE | 983772 |
| STATE FARM MUTUAL AUTOMOBILE I | DEFENDANT | PINO, JOANNA NORIEGA | 64031 |
| Pino, Joanna N | ATTORNEY | | |
| Bedard, Benjamin L | ATTORNEY | | |

### Dockets

Page : 1    ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 39 | 11/29/2023 | RESPONSE TO REQUEST TO PRODUCE (PLTF'S) TO DEFT'S | 6 |
| 📄 | 38 | 11/29/2023 | RESPONSE TO REQUEST TO PRODUCE (PLTF'S) TO DEFT'S | 6 |
| 📄 | 37 | 11/29/2023 | NOTICE OF SERVING ANSWERS TO INTERROGATORIES (PLTF'S) TO DEFT'S | 2 |
| 📄 | 36 | 11/29/2023 | NOTICE OF SERVING ANSWERS TO INTERROGATORIES (PLTF'S) TO DEFT'S | 2 |
| 📄 | 35 | 11/16/2023 | NOTICE OF HEARING ON MAY 15, 2024 AT 02:00 ET (30 MINS) VIA ZOOM - DEFTS KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC'S MOTION TO COMPEL BETTER RESPONSES TO REQUEST FOR ADMISSIONS FROM PLTFS, BRADLEY TOLLAS AND MARIE TOLLAS AND INCORPORATED MOTION FOR AT | 3 |
| 📄 | 34 | 09/29/2023 | MOTION TO COMPEL DEF, KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC MOTION TO COMPLL BETTER RESPONSES TO REQUEST FOR ADMISSIONS TO PLTFM, MOTION FOR ATTORNEY FEES | 11 |
| 📄 | 33 | 09/13/2023 | NOTICE OF SERVICE OF INTERROGATORIES (DEFT PHOENIX MEDICAL PRODUCTS, INC) | 3 |
| 📄 | 32 | 09/13/2023 | NOTICE OF SERVICE OF INTERROGATORIES (DEFT PHOENIX MEDICAL PRODUCTS, INC) | 3 |
| 📄 | 31 | 09/13/2023 | REQUEST TO PRODUCE (DEFT PHOENIX MEDICAL PRODUCTS, INC) | 8 |
| 📄 | 30 | 09/13/2023 | REQUEST TO PRODUCE (DEFT PHOENIX MEDICAL PRODUCTS, INC) | 8 |
| 📄 | 29 | 09/07/2023 | RESPONSE TO REQUEST FOR ADMISSIONS (PLAINTIFF'S) | 2 |
| 📄 | 28 | 08/08/2023 | REQUEST FOR ADMISSIONS (DEFTS'., KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC). TO PLTFS, BRADLEY TOLLAS AND MARIE TOLLAS | 3 |
| 📄 | 27 | 08/07/2023 | ANSWER AND AFFIRMATIVE DEFENSES | 8 |
| 📄 | 26 | 08/07/2023 | ANSWER AND AFFIRMATIVE DEFENSES (DEFENDNAT, KENNETH ROARK'S) TO PLAINTIFF, BRADLEY TOLLAS AND MARIE TOLLAS' COMPLAINT | 8 |
| 📄 | 25 | 07/25/2023 | NOTICE OF APPEARANCE OF COUNSEL GREGORY JACKSON JR. FOR BRADLEY TOLLAS AND MARIE TOLLAS AND EMAIL DESIGNATION | 2 |
| 📄 | 24 | 07/07/2023 | ANSWER AND AFFIRMATIVE DEFENSES (DEFENDANT'S) TO COMPLAINT | 2 |
| 📄 | 23 | 07/07/2023 | NOTICE OF APPEARANCE OF COUNSEL JOANNA PINO FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND DESIGNATION OF EMAIL ADDRESSES PURSUANT TO RULE 2.516 | 2 |
| 📄 | 22 | 06/07/2023 | NOTICE OF DESIGNATING PRIMARY EMAIL ADDRESS FOR THE SERVICE OF PLEADINGS AND PAPERS -DEFENDANTS | 1 |
| 📄 | 21 | 06/07/2023 | NOTICE OF UNAVAILABILITY / NONAVAILABILITY -DEFENDANTS | 1 |
| 📄 | 20 | 06/07/2023 | NOTICE OF APPEARANCE OF COUNSEL BENJAMIN BEDARD FOR KENNETH ROARK AND PHOENIX MEDICAL PRODUCTS, INC | 2 |
| 📄 | 19 | 06/06/2023 | SUMMONS RETURNED INDICATING SERVICE PERSONAL, 06/05/2023 | 1 |
| 📄 | 18 | 06/05/2023 | SUMMONS RETURNED INDICATING SERVICE 05/30/2023 0904AM AUTHORIZED, HOENIX MEDICAL PRODUCTS, INC | 1 |
| 📄 | 17 | 06/05/2023 | SUMMONS RETURNED INDICATING SERVICE ON STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ON 5/31/23 AT 12:45PM | 1 |
| 📄 | 16 | 06/05/2023 | REQUEST TO PRODUCE (PLTFS) TO DEFT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | 4 |
| 📄 | 15 | 06/05/2023 | REQUEST TO PRODUCE (PLTFS) TO DEFT KENNETH ROARK | 4 |
| 📄 | 14 | 06/05/2023 | REQUEST TO PRODUCE (PLTFS) TO DEFT HOENIX MEDICAL PRODUCTS INC | 4 |
| 📄 | 13 | 06/05/2023 | NOTICE OF SERVICE OF INTERROGATORIES (PLTFS) TO DEFT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | 6 |
| 📄 | 12 | 06/05/2023 | NOTICE OF SERVICE OF INTERROGATORIES (PLTFS) TO DEFT KENNETH ROARK | 9 |
| 📄 | 11 | 06/05/2023 | NOTICE OF SERVICE OF INTERROGATORIES (PLTFS) TO DEFT HOENIX MEDICAL PRODUCTS INC | 6 |
| 📄 | 10 | 05/15/2023 | AMENDED ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES | 8 |
| 📄 | 9 | 04/20/2023 | CASE FEES PAID: $30.00 ON RECEIPT NUMBER 4388044 | 1 |
| 📄 | 8 | 04/20/2023 | SUMMONS ISSUED FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMAPNY | 4 |
| 📄 | 7 | 04/20/2023 | SUMMONS ISSUED FOR KENNETH ROARK | 4 |
| 📄 | 6 | 04/20/2023 | SUMMONS ISSUED FOR HOENIX MEDICAL PRODUCTS, INC | 4 |
| 📄 | 5 | 03/28/2023 | ORDER SETTING CASE MANAGEMENT PLAN FOR NON-COMPLEX CASES | 9 |
| 📄 | 4 | 03/28/2023 | CASE FEES PAID: $401.00 ON RECEIPT NUMBER 4368847 | 1 |
| 📄 | 3 | 03/23/2023 | COMPLAINT | 10 |
| 📄 | 2 | 03/23/2023 | COVER SHEET | 3 |
| 📄 | 1 | 03/23/2023 | AUTO NEGLIGENCE CASE | 1 |

### Judge Assignment History

| Court Events | ☐ |
|---|---|

| Financial Summary | ☐ |
|---|---|

| Reopen History | ☐ |
|---|---|

# EXHIBIT "G"

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRADLEY TOLLAS and MARIE TOLLAS

## DEFENDANTS
KENNETH ROARK; PHOENIX MEDICAL PRODUCTS, INC. and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GREGORY JACKSON, ESQ.
Dan Newlin Injury Attorneys
7335 W Sand Lake Rd. Ste 300

Attorneys *(If Known)*
BENJAMIN L. BEDARD, ESQUIRE
JASON B. VRBENSKY, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PLLC

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1446(a)
Brief description of cause:
Automobile Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$75,000.01

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE    Virginia Norton
DOCKET NUMBER    16-2023-CA-006683

DATE
12/19/2023

SIGNATURE OF ATTORNEY OF RECORD
Jason B. Vrbensky

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.